## CLARK *v.* LINEBERGER.

PLEADING.—A pleading should state facts, not arguments, inferences, or matters of law.

SAME.—*Misjoinder.*—Under the code, causes of action arising out of contract cannot properly be joined with a cause of action in tort, but such misjoinder is not remediable in the Supreme Court.

VENDOR AND PURCHASER.—*Deed.*—*Covenant for Quiet Enjoyment.*—To con-

stitute a breach of a covenant for quiet enjoyment, the general rule is, that there must be an eviction under a paramount title. The mere existence of a mortgage incumbrance is not such a breach.

SAME.—*Pleading.*—*Eviction.*—A deed was executed in Indiana for the conveyance of land lying in the State of Illinois, the deed containing a covenant for quiet enjoyment. Complaint, that the land when conveyed was encumbered by a mortgage containing a power of sale; that by virtue of the power, and in accordance with its provisions, the mortgagee sold the land; and that the plaintiff was evicted by the purchaser at the mortgage sale.

*Held,* that the complaint was bad, for failing to show that the mortgagee did the acts prescribed in the mortgage, as a prerequisite to a sale under the power contained therein.

FRAUDULENT REPRESENTATIONS.—False and fraudulent representations made by a grantor to a grantee, as to the time when an existing mortgage on the land will come due, do not furnish a ground of action; to do this, there must be a sale of the land under the mortgage and an eviction of the grantee.

From the Putnam Common Pleas.

*S. Claypool, C. C. Matson,* and *L. P. Chapin,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellee.

DOWNEY, C. J.—This action was brought by the appellee against the appellant. Issues having been formed, there was a trial by jury, and a verdict for the plaintiff. A motion by the defendant for a new trial was made and overruled, and there was judgment on the verdict for the plaintiff.

The appellant has assigned as errors the overruling of a demurrer to the first and second paragraphs of the complaint, the refusal to strike out a part of the second paragraph, and the refusal to grant a new trial.

The first paragraph of the complaint alleges that, on the 14th day of September, 1869, the defendant executed to the plaintiff a warranty deed for certain real estate in Shelby county, Illinois, and states that prior to the execution of said deed, the land was mortgaged by the defendant to one Harper, to secure the payment of a promissory note executed by the defendant to Harper. The mortgage contained a power authorizing the mortgagee, his legal representatives, or attorney, after notice and in case of default in the payment of the debt, to sell the premises, and it is alleged that by vir-

tue of this power, the real estate was sold on the 18th day of December, 1869, by Harper to Harvey and Reed, and that they afterward, on the 20th day of January, 1870, evicted the plaintiff from the premises. It is further alleged that at the same time, when the plaintiff purchased said real estate and took said deed therefor, he purchased from the defendant other lands adjoining the same; that the first named real estate has on it a large dwelling-house and other improvements, so that by said eviction he is damaged in his other lands, as well as that from which he was evicted. A copy of the deed on which the action is based, and also a copy of the mortgage, are made parts of the complaint. The covenant in the deed on which the action is predicated is as follows: " And the said John N. Clark and wife, Amanda J. Clark, for their heirs, executors, and administrators, do covenant, grant, bargain, and agree, to and with the said party of the second part, his heirs, and assigns, that the above bargained premises, in the quiet and peaceable possession of the said party of the second part, his heirs, and assigns, the said party of the first part shall and will warrant and forever defend." The power in the mortgage is as follows: " But in case of default in the payment of said note above mentioned, or any part thereof, according to the tenor and effect thereof, the said party of the second part, his legal representatives, or attorney, after having advertised such sale forty days in a newspaper published in said county, or by posting up written or printed notices in four public places in the county where said premises are situated, may sell the said premises, or any part thereof, and all right and equity of redemption of the said party of the first part, his heirs, executors, administrators, or assigns therein, at public vendue to the highest bidder for cash, at Tower Hill, at the time appointed in such advertisement, or may adjourn the sale from time to time, at discretion, and upon the making of such sale or sales as the attorney of the said party of the first part for such purpose hereby constituted irrevocable, or in the name of

the said party of the second part, or his legal representatives, shall execute and deliver to the purchaser deeds for the conveyance in fee of the premises sold, and shall apply the proceeds of sale to the payment: 1st. Of the expenses of advertising, selling, and conveying the aforesaid premises, including attorney's fees. 2d. The amount due on said note. And, 3d. Rendering the overplus, if any, to the said party of the first part, or his assigns, at the office of said party of the second part."

The objections to the first paragraph of the complaint are, 1st. That it does not allege that there was a default in the payment of the note secured by the mortgage; and, 2d. That it does not state that notice of the time and place of the sale was given, as required by the terms of the mortgage.

In the second paragraph of the complaint, it is alleged that the parties resided in the county of Putnam, in the State of Indiana, and on the 7th day of August, 1869, entered into an agreement or contract. a copy of which is filed with the complaint, by which they agreed to exchange certain real estate and personal property, the plaintiff agreeing to pay off the note executed by the defendant to Harper for five hundred and forty dollars; the real estate which Clark was to convey being the said real estate, in Illinois, mentioned in the first paragraph of the complaint. It is then alleged that at the time of the execution of said agreement and the execution of the deeds in pursuance thereof, the defendant falsely and fraudulently represented that said lands, so sold and conveyed by him, were free and clear from all and every lien and incumbrance, and that the note of Clark to Harper, mentioned in the agreement, for five hundred and forty dollars, was not due and payable until the spring of 1870, and that the plaintiff relied upon and believed said representations to be true; that the defendant knew such representations to be false and fraudulent, and fraudulently concealed the existence of any lien or incumbrance on said land. It is then alleged that at the time of the execution of said

agreement and deed, the land was incumbered by the mortgage mentioned in the first paragraph of the complaint, and a copy of it is again filed and made part of this paragraph of the complaint; and it is alleged that the note and mortgage matured on the 1st day of November, 1869, and that Harper, by the terms of said mortgage and the power of sale therein contained, on the 18th day of December, 1869, sold and conveyed the said land to said Harvey and Reed, so that the same was entirely lost to him, said plaintiff, and he had to and did surrender to said purchasers said tract of land upon their paramount title, of all of which he was ignorant until after such sale. It is then alleged that the plaintiff purchased of the defendant, at the same time, other lands besides that of which he was evicted, which was injured by the loss of it, etc.; wherefore, etc. The same objections are urged against this paragraph as against the first.

It is quite evident that there is here a misjoinder of paragraphs or causes of action; the cause of action in the first paragraph arising *ex contractu*, while that in the second paragraph arises *ex delicto*. The former at common law would have been a cause of action in covenant, and the latter in trespass on the case. But no question was made in the common pleas on this ground, nor is any made here, nor could any be successfully made here. 2 G. & H. 81, sec. 52.

The covenant in the deed, on which the first paragraph of the complaint is based, is a covenant for quiet enjoyment, and not against incumbrances or of warranty. To constitute a breach of it, the general rule is, that there must be an eviction under a paramount title. A valid sale upon an incumbrance which was upon the land at the date of the deed, and an eviction by the purchaser, would constitute a breach of the covenant. The mere existence of the incumbrance would not. We are of the opinion that the allegation in the first paragraph of the complaint does not show a valid sale under the power in the mortgage. It fails to show the giving of notice of the sale, as required by the power, and also fails to show a sale in pursuance of such notice and at

the place designated in the mortgage.    It simply avers that
Harper, by virtue of the power of sale in the trust deed or
mortgage, did on the 18th day of December, 1869, sell and
convey the land to Harvey and Reed.   A pleading should
be a statement of facts and not of mere legal conclusions.
The civil code requires the complaint to contain, among other
things, "a statement of the facts constituting the cause of
action, in plain and concise language," etc. 2 G. & H. 69,
sec. 49, second division.    Mr. Chitty, on this subject, says:
"The principal rule, as to the mode of stating the facts, is, that
they must be set forth with certainty ; by which term is sig-
nified, a clear and distinct statement of the facts which con-
stitute the cause of action or ground of defence, so that they
may be understood by the party who is to answer them, by
the jury who are to ascertain the truth of the allegations,
and by the court who are to give judgment."    1 Chit. Pl.
233.  ˙And in a note it is added, "Another reason is, that in
a second action for the same cause the defendant may be better
able to plead a former recovery."

.   Blackwell, in his work on Tax Titles, p. 502, in discussing
the mode of pleading tax titles, and incidentally the pleading
of title generally, says : " There is another rule of proceeding
which requires ' that facts only are to be stated, and not argu-
ments or inferences, or matter of law.'   An averment that the
proceedings of the officer were ' regular,' ' legal,' etc., is a
mere legal conclusion, without giving the facts from which
that conclusion is drawn.    Therefore, in all such cases, the
pleader must show, with reasonable certainty, the particular
facts upon which the regularity or legality of the proceed-
ings depends, that the court may see whether the require-
ments of the law have been complied with or not.    For
instance, where a submission requires an award to be made
in writing, under the hands and seals of the arbitrators, by a
particular day, it is not sufficient in pleading the award, to
allege, simply, that the arbitrators ' duly made their award,'"
etc.   Again, on p. 504, he says: " Another rule of pleading,
equally well settled, is, that in all cases where a party claims

title, or defends an act done under an authority, he must not only allege the authority, but set forth the facts which show that the terms of the power have been pursued. Thus where one claims title to land under a warrant of attorney, and it becomes necessary to plead his title, he must set forth the warrant and deed executed in pursuance of it, that the court may see upon the face of the plea that the terms of the power have been pursued. And where an officer justifies the seizure of goods and chattels, under an execution, he must not only set forth the execution, but aver that the seizure was made in the lifetime of the writ, or his plea will be ill. Where the authority is special, as in the case of the sale of land for taxes, the reason is stronger for setting out the authority and acts done in pursuance of it."

It being essential that the eviction should be by virtue of a paramount title, it seems to us that the pleader should have alleged that after the maturity of the note, notice was given as specified in the mortgage, stating specifically how it was given, and that the sale was made at the time fixed in the notice, and at the place mentioned in the mortgage. Without these allegations, we do not see how the paragraph in question can be upheld. See Rawle Cov. Title, 181, *et seq.* This defect in the paragraph cannot be overlooked, as counsel for the appellee suppose, on the ground that a motion might have been made by the defendant to have the paragraph made more specific. Platt, in his work on Covenants, p. 328, says: "Where an ejection has actually taken place, in assigning a breach it is sufficient to allege, that at the time of the demise to the plaintiff, A. B. had lawful right and title to the premises, and having such lawful right and title, entered and evicted him; without showing that he evicted the plaintiff by legal process, or what title A. B. had; the allegation, that the party having lawful right and title, entered, being tantamount to saying, that he entered by lawful right and title." But in the case under consideration, this was not done, and perhaps could not have been done, since Harvey and Reed had no title to the land when the deed

was executed on which the action is brought, as their title, if they have any, accrued afterward by virtue of the sale. If the sale made by Harper was made without the notice required, and without being made at the place designated, Harvey and Reed acquired no title under it, and an eviction by them, or a surrender of possession to them would not be a breach of the covenant, for it could not then be said that they "entered by lawful right and title." If the appellee surrendered the land to some one who had no title to the same, it could not be claimed that there was an eviction and consequent breach of the covenant. "But in order to support an action on the covenant, the entry must in all cases be made under an assumption of title." Tyler, 319. "Although the words of the covenant may purport to indemnify the purchaser from any interruption on the part of the grantor, or any other person, yet this must be understood to mean such interruption only as may take place under paramount title." Rawle Cov. Title, 165.

The cause of action in the second paragraph of the complaint is the fraudulent representations, that the land was clear from all incumbrances, and that the note of Clark to Harper for five hundred and forty dollars would not be due and payable until the spring of 1870, and that the defendant concealed the fact that there was a lien on the land for the amount of the note, when in fact the land was incumbered by the mortgage mentioned in the first paragraph of the complaint, and the said note matured on the 1st day of November, 1869; and also that Harper, on the 18th day of December, 1869, sold and conveyed the land to said Harvey and Reed, so that the same was entirely lost to him, and he had to and did surrender the land to said purchasers on their paramount title. The mere fact that the land was incumbered, when it was represented that it was not incumbered, would not afford the plaintiff a substantial cause of action. It is the allegation of the sale of the land and the surrender of the possession of it which furnishes the right to sue, if there is any. But here the second paragraph of the com-

plaint, although not exactly like the first paragraph, fails to show that the land was advertised for sale, as required by the mortgage, and sold accordingly at the place named in the mortgage. It is true that the paragraph says that Harper sold the land and conveyed it, that the same was lost to the plaintiff, and that he had to surrender possession to the purchaser, but we think that this, like the allegation in the first paragraph, is not a sufficient allegation of a compliance with the requirements of the mortgage, with reference to notice and place of sale. We think a right policy requires a reasonably strict compliance with the power in a mortgage or deed of trust by which the mortgagee is authorized to sell the mortgaged premises. In this State, it is expressly enacted by the legislature that no mortgage of real estate, or instrument operating as, or having the legal effect of, a mortgage, executed after the statute of 1852, 2 G. & H. 355, sec. 3, shall authorize the mortgagee to sell the mortgaged premises, but every such sale is required to be made under a judicial proceeding. We presume, however, as counsel have not questioned the fact, that such sales under a power are authorized in the State of Illinois.

There are other questions argued by counsel, but after what we have already decided, we need not consider them.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the paragraphs of the complaint.