[No. 1587.]

## THE HALLACK PAINT, OIL AND GLASS CO. v. THE DENVER NATIONAL BANK ET AL.

1. PLEADING—ATTACHMENT—FORTHCOMING BOND.

In an action by a prior attachment creditor against a subsequent attachment creditor and the purchaser of the property at a sale under the subsequent attachment for the amount of the judgment and to enforce the lien of the prior attachment where the property had been released from the prior attachment by a forthcoming bond, it is necessary to allege in the complaint either that the affidavit of attachment in the prior suit was not traversed or if it was traversed that the issue on the traverse was tried and the attachment sustained. It is not sufficient to allege as a legal conclusion that the attachment lien was not waived, relinquished or released but remained as an existing lien.

*Error to the District Court of Arapahoe County.*

Mr. REGINALD HEBER SMITH, for plaintiff in error.

Mr. STUART D. WALLING, for defendant in error.

THOMSON, J.

The complaint alleged the institution of a suit by the appellant against Mackenzie Brothers; the issuance of a writ of attachment in the suit, and its levy upon their goods and chattels; the giving by them of a forthcoming bond pursuant to the statute; the release of the property to them, and the recovery of judgment against them by the appellant for the amount of his debt. The complaint also alleged that the lien acquired by the levy of the writ, was never waived or released by the plaintiff or the sheriff, and that while the action was pending, and the lien subsisting, an attachment, issued at the suit of the Denver National Bank, one of the defendants, upon a claim in its favor against Mackenzie Brothers was levied upon the same property, then in their possession by virtue of the forthcoming bond; that the suit

of the bank proceeded to judgment, for the satisfaction of which, the bank caused the property upon which its attachment had been levied to be sold, receiving the proceeds; that the defendants, Hockaday & Kilgore, afterwards came into the possession of the property, and so mixed it with their own goods of a like character, that its identity was lost, and that demand was duly made upon Mackenzie Brothers, Hockaday & Kilgore, and the Denver National Bank, for the delivery of the property to the sheriff, or the payment of the plaintiff's judgment, but the demand was refused. The prayer was for judgment against the defendants for the amount of the plaintiff's judgment against Mackenzie Brothers, which was considerably less than the value of the goods.

The complaint was demurred to upon several grounds, but the only one which I care to notice was that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff declining to amend, final judgment was rendered for the defendants, and the plaintiff is here seeking its reversal on writ of error.

The question of the effect of the redelivery undertaking upon the lien which the plaintiff acquired by his attachment, is the subject of considerable discussion. I have expressed my views upon that question at some length in *Nichols v. Chittenden*, ante, p. 49, and have nothing to add to what I have there said. But, whatever might be the opinion of the court regarding the contention that the lien was not divested by the release of the property in pursuance of the undertaking, I do not think the complaint sufficient to bring the question up for decision. In order that the lien of an attachment may be preserved so that the property attached, or its proceeds, may be subjected to the plaintiff's judgment, it must appear either that there was no traverse by the defendant of the matters alleged in the affidavit for attachment, or that, if there was such traverse, there was a trial of the issue tendered by it, as a result of which the attachment was sustained. The complaint, after setting forth the undertaking, proceeded as follows:

" That said bond was duly verified, and thereupon the same was accepted by the sheriff aforesaid, and said goods, wares and merchandise were redelivered to said Mackenzie Brothers; which was done, as the law provides, wholly on account of the execution and delivery of the said undertaking as aforesaid, and not by the consent or waiver of the plaintiff, and said lien acquired by the levy of said attachment on said property was in no wise waived, relinquished or released by the said plaintiff or said sheriff, and has never since been, but remained till the happening of the events hereinafter described."

The foregoing is all that the complaint contains, which can be said to have any relation to the proceedings affecting the attachment, after its levy. It states, argumentatively, that the lien was not, at the time, or ever, waived or relinquished by the plaintiff or the sheriff on account of the acceptance of the undertaking; and then, in the same connection, and as part of the same argument, states that the lien remained until the happening of the events subsequently narrated. That the lien was not waived or relinquished by the plaintiff or the sheriff, is immaterial. It may have been extinguished without any waiver or relinquishment by either of them. The words, " but remained until the happening of the events hereinafter described," do not constitute an independent statement. They are so connected with what precedes them, that they amount merely to an affirmative assertion of what had before been stated negatively. But tearing the assertion loose from the language of which it forms a part, and the subject to which it relates, namely the execution and acceptance of the bond, and giving the plaintiff the benefit of it as an averment which is able to stand alone, it does not belong to the class of allegations out of which the statement of a cause of action may be constructed. It expresses a conclusion at which the pleader in some way arrived, and nothing more. What became of the lien is dependent upon something which is not disclosed, and no court could say whether the pleader's conclusion was correct or not, without

knowing the facts. The affidavit for attachment may have been traversed, and the issue made by the traverse may never have been tried. There is not a single allegation in the complaint with which such a supposition is inconsistent; and the pleader may have concluded that simply because there was no trial of that issue, and the attachment was, therefore, not dissolved, the lien remained, and because the lien remained, the property could be subjected to the payment of the judgment. But such a conclusion would be incorrect. The property could not be subjected to sale until after judgment in favor of the plaintiff upon the issue made by the traverse. A complaint which is entirely consistent with a state of facts which would defeat a recovery, is bad. The pleading should be so framed as to exclude hypotheses which would disentitle the plaintiff to judgment. The code provides that the complaint shall contain a statement of the *facts* constituting the cause of action. The court must have the facts, and it is for it, and not the pleader, to determine their legal effect. If there was a traverse, the complaint should have so stated, and should also have stated what proceedings were had upon the traverse; or if there was no traverse, that fact should have been stated. From the facts the court could have determined the condition of the lien, and the rights of the plaintiff in relation to the property. But upon the question of which the plaintiff seeks a determination, the complaint contains nothing whatever, from which a court could arrive at any conclusion. The opinion of the pleader is unimportant; the facts are indispensable.

In *Clark v. Lineberger*, 44 Ind. 223, the complaint alleged the execution of a mortgage which contained a power of sale authorizing the mortgagee, his legal representatives, or attorney, after notice, to sell the mortgaged premises. It also alleged that the real estate was sold by virtue of the power. The court held that the pleader should have alleged that after the maturity of the note, notice was given as specified in the mortgage, stating specifically how it was given, and that the sale was made at the time fixed in the notice,

and at the place mentioned in the mortgage, and also held that the averment that the sale was made by virtue of the power contained in the mortgage, without more, was a mere legal conclusion, and therefore insufficient.

Pleadings should be liberally construed with a view to justice, and no matter how clumsily or loosely a complaint may be put together, or what unnecessary matter it may contain, if the facts can be found in it which would authorize a recovery, then, as against a general demurrer, it must be upheld; but there are certain requirements in pleading, the wisdom of which is approved by reason and experience the observance of which is essential to orderly procedure, and the disregard of which would tend to reduce the administration of justice to chaos. No liberality of construction can supply unstated facts; and to sustain this complaint, which undertakes to found a right of action upon nothing but a naked legal conclusion, would be to annul a rule, the application of which is necessary to safety in litigation, and to anything like precision in the ascertainment of rights. It may be that the facts here were such that the complaint could have been made good by amendment, but the plaintiff chose to hang the fate of its case on the question of the sufficiency of its pleading, and that question must be resolved against it.

It is due to the learned counsel who represents the plaintiff in error in this court to say that he was not concerned in the case below, and is in no wise responsible for the complaint, or the course which was taken in relation to it.

The demurrer was properly sustained, and the judgment is affirmed.

*Affirmed.*