Birchard, J.
Two points are relied upon in support of the demurrer:
1. That the averment of tender is insufficient.
2. That defense should have been made at law.
As to the first objection it may be remarked, that in this respect the bill is vague and indefinite. Admitting that it is not necessary in a bill in chancery to sot forth a tender of money with the same precision that is required in a special plea at law, it is still necessary to state in substance the amount ^admitted to be due, so that the party may, if he desires, at once receive it, and if the precise amount duo is unknown, the bill should state that .fact, and aver the tender of a sum certain, charging it to be sufficient to cover any amount that, upon equitable principles, could be found against him. An averment of a tender of the amount admitted to be due is indispensable, in all bills of this description. It is held by all the elementary writers to be a general rule, that whatever is essential to the rights of the complainant, and is necessarily within his knowledge, should be alleged positively, and with precision. The same degree of certainty necessary in many casos of pleading at common law is not required. It is sufficient if the material facts are plainly and succinctly alleged with the *99 necessary circumstances of time, place, manner, and other incidents. Mitford’s Equity Pleadings, 41.
The pleader in this case has not ventured to aver that he tendered any specific sum of money, at what time his tender was made, the manner of making it, or in what it was made. The bill says it was all that was due. He should have informed us how much he actually tendered, the time when the tender was made, and the manner of making it, and have averred that no more was due, leaving to the court to judge whether he could sustain his averment by proof, and if sustained, whether the ten-, der was sufficient.
We come then to the second point. The law is well settled, that where a party has had an opportunity of making his defense at law, and has neglected to do so, chancery affords no relief.
The allegation of the bill, upon which chancery jurisdiction is sought to bo given is, “ that the various matters of fraud and error alleged by your orators, are not apparent upon the record of said judgment, so as to be corrected at law, the whole matter having been so managed by the said Scott, as to deprive your orators of all remedy, without discovery from himself.” The bill does not anywhere inform us what was the peculiar management here alluded to, which prevented the facts of the case from appearing of record. We'are left in *the dark upon this point. Was there any specific act of fraud, which deprived the complainants of the right to appear, defend, and place upon the record, in the form of a bill of exceptions, the facts of the case? Nothing of the kind is averred; and certainly nothing of the kind can be inferred, when we consider the last clause of this vory vague statement, where the summing of the whole matter is, that a defense was not made for the want of a discovery of the facts from Scott. But the bill offers no reason, and states no matter of fraud which tends to excuse the neglect to file a bill for discovery in aid of the defense at law. The case is left, then, in this position. A bill is filed for discovery, substantially in aid of a defense at law, but after the suit at law is determined, and after it is too late to make any use of the discovery if allowed. This must be the true character of this bill, if, as we shall show, all the relief now sought could have been had, by making the proper defense to that suit. A court of equity will not entertain a bill for relief when a party, being sued on usurious notes at law, suffers judgment to be taken *100 against him, without making a defense, or applying in due season for a discovery. 3 Johns. Ch. 395; 2 Story’s Eq. 178, 179.
We will next consider whether, upon the facts stated, a defense at law could have been made. The case at law, as shown by the bill, was debt upon a promissory note for $150.56, which was without any other consideration than the sum of $70, and interest thereon at the rate of six per centum per annum, from the date of the original loan. It was a clear ease of suit upon a note, as to which there was a partial failure of consideration. Since the passage of the act of 1834 (Swan’s Stat. 685), such a defense is allowed. Prior to the passage of that act, equity alone could afford relief. The observance of this change in the law will tend much to aid careless reasoners in reconciling, what they now suppose, conflicting decisions of this court upon questions of excessive interest.
The statute fixing the rate of interest is not a statute against usury, technically so called. It does not avoid the contract, for anything except interest beyond six per centum per annum. *It has been held, therefore, that on a contract to pay more than six per cent., the principal, with six por cent., maybe recovered. Lafayette Society v. Lewis, 7 Ohio, 80, pt. 1. That illegal interest once paid, can not be recovered back again. Shelton v. Gill, 11 Ohio, 417; Commercial Bank of Cincinnati v. Reed, Ib. 498; Spalding v. Bank of Muskingum, 12 Ohio, 544.
That when a note is renewed from time to time, and illegal interest added in, the jury may, in a suit upon the last note, examine the whole transaction and give the lender only the sum loaned, with six per cent, interest thereon. Baggs v. Loudenback, 12 Ohio, 153.
A slight examination will show that these decisions are consistent with each other, with the statute, and with reason. Interest once paid, can not be recovered back, fii’St, because if paid to a cox’poration prohibited from taking it, both parties are in pari delicto, Spalding v. Bank of Muskingum, 12 Ohio, 544; or, second, because if the contract be between natux’al persons, it has been paid on an executed contract which the parties were not forbidden to make, and changes the right of property. Illegal interest unpaid, whether sued for in an oi'iginal, a renewed, or sepai’ate note or bond, can not be l’ecovered, because the act of 1824 declares that six per *101 cent, shall be recovered, “ and no more; ” and the act of 1834 allows the defense to be made at law.
Counsel have relied much upon the case of Brockway v. Clark, 6 Ohio, 51, and perhaps it deserves some notice in this connection. The bill in that case was filed while suits upon the notes were pending in the court of common pleas, on appeals from the judgments of a justice of the peace.
It was tried before the passage of the act of 1834, and at a time when a partial failure of the consideration of a note could not bo established at law. It is not a case in point.
The main ground taken by complainants’ counsel in support of the bill, and upon which they profess to rely with entire confidence is, that “ the contract in this case is against all conscience, and is grossly oppressive.” Far be it from us to apologize *for conduct like this. Yet in this case, as not unfrequently occurs in practice, the complainants have, by their own neglect, placed themselves in such a situation that relief can not be extended to them without adopting a rule contrary to well-settled law, and that would work much wrong if established.
The injunction must be dissolved, and decree entered under the statute for the amount of the judgment at law, with interest and penalty. Decree accordingly.