## BUNDY, GUARDIAN, *v*. HALL ET AL.

**PARTITION.**—*Review of.*—The only authority for maintaining an action to review the proceedings had in an action for the partition of lands is contained in section 29 of the act of May 20th, 1852, 2 R. S. 1876, p. 343, "concerning the partition of lands."

**SAME.**—*Action to Review can not be Maintained by Infant.*—*Parties.*—An infant defendant in an action for the partition of lands, who has no guardian, or whose guardian fails to attend and approve the partition, though represented therein by a guardian *ad litem*, can not maintain an action to review the proceedings had therein, until he attains the age of twenty-one years.

**SAME.**—*Action by Guardian not Authorized.*—The guardian of such infant defendant is not authorized to maintain such action.

*Pleading.*—An insufficient answer is a sufficient answer to an insufficient complaint.

From the Montgomery Circuit Court.

*L. Wallace, G. D. Hurley* and *M. D. White*, for appellant.

*P. S. Kennedy, W. T. Brush, J. Wright, J. M. Seller* and *T. H. Ristine*, for appellees.

HOWK, J.—In this action, the appellant, Eli Bundy, guardian of the person and estate of Eli Q. Butcher, an infant, filed a complaint against the appellees, in the court below, on the 24th day of April, 1876, to obtain a review of a former judgment in partition, rendered by the court of common pleas of Montgomery county, Indiana, at its February term, 1864.

A complete record of the proceedings and judgment in partition of said court of common pleas was filed with, and made part of, the appellant's complaint in this action.

VOL. LX.—12

In the suit for partition, in said court of common pleas, the appellee in this action, Hannah Hall, the widow of one Joseph Hall, deceased, was the sole plaintiff, and the other appellees in this action and said Eli Q. Butcher, the heirs at law of said Joseph Hall, deceased, were the defendants.

At the time said proceedings were had, and said judgment of partition was rendered, in said court of common pleas, the said Eli Q. Butcher, though an infant of tender years, had no legal guardian of his person and estate, and in said suit an answer was filed in his name and behalf by a guardian *ad litem*, for him appointed by said court of common pleas.

It was alleged in the appellant's complaint in this action, that the said judgment of partition, in said court of common pleas, was unfair, unequal and unjust, in this: that the lands thereby awarded to said Hannah Hall, the widow of said Joseph Hall, deceased, instead of being, as they ought to have been, only the one-third in value of the lands to be divided, were in fact fully the two-thirds in value of said lands.

After the rendition of said judgment of partition by said court of common pleas, and before the commencement of this action, the appellant was duly appointed guardian of the person and estate of said Eli Q. Butcher, an infant, under the age of twenty-one years, and, as such guardian, he commenced this action.

The prayer of the appellant's complaint was for "a review of said proceedings in partition, and that the equality of said assignment of one hundred and sixty acres, being the portion set apart by the commissioners to said widow, may be enquired into, and a finding had as respects the same; and if the assignment to her be found in excess of the one-third part in value of the lands of her husband, to which she was entitled as widow, that said assignment may be set aside, and the part of the one hundred and sixty acres, so assigned to her, to which the plaintiff's

ward may be entitled, may be saved to him by partition, or in such other equitable mode as to the court may seem proper in the premises."

To the appellant's complaint, the appellees jointly demurred, upon the following grounds of objection:

"1. That the plaintiff has not the legal capacity to sue;

"2. That there is a defect of parties plaintiffs, in this: that Eli Q. Butcher is the proper party plaintiff;

"3. That there is a defect of parties defendants, in this: that Isaac M. Vance, and other purchasers of the real estate partitioned, should be made defendants;

"4. That the complaint does not state facts sufficient to constitute a cause of action against these defendants."

This demurrer was overruled by the court, and to this decision the appellees excepted.

The appellees jointly answered in four paragraphs, the first being a general denial, and each of the other three paragraphs setting up affirmative matters, by way of defence.

The appellees Hannah Hall and James Q. Hall each also answered separately, setting up affirmative matters of defence.

The appellant demurred separately to each of the second, third and fourth paragraphs of the appellees' joint answer, to the separate answer of the appellee Hannah Hall, and to each of the first and second paragraphs of the separate answer of the appellee James Q. Hall, upon the ground of objection, as to each of the said paragraphs, that it did not state facts sufficient to constitute a defence to this action, which demurrers were severally sustained as to the second and fourth paragraphs of said joint answer, and as to the separate answer of the appellee Hannah Hall, and as to the second paragraph of the separate answer of said James Q. Hall, and to these decisions the said appellees excepted. The court overruled the appellant's demurrers to the third paragraph of the appellees' joint answer, and to the first paragraph of the

said James Q. Hall's separate answer, and to these decisions the appellant excepted.

The appellant failed and refused to reply to said third paragraph of the joint answer, and to said first paragraph of said James Q. Hall's separate answer; and thereupon judgment was rendered on the demurrers to said paragraphs, in favor of the appellees and against the appellant, for the costs of suit.

In this court, the appellant has assigned, as errors, the decisions of the court below, in overruling his demurrers:

1st.   To the third paragraph of the appellees' joint answer; and,

2d.   To the first paragraph of the separate answer of the appellee James Q. Hall.

The appellees have assigned, as a cross-error, the decision of the court below, in overruling their demurrer to the appellant's complaint.

We will consider and decide the questions presented by the cross-error assigned by the appellees, as those questions, as we view them, are decisive of this case.   This cross-error calls in question the correctness of the decision of the court below, in overruling the appellees' demurrer to the appellant's complaint.   This decision presents for our consideration two questions, as follows:

1.   Does it appear, on the face of the complaint, that Eli Q. Butcher was a proper and necessary party plaintiff in this cause?

2.   Are the facts stated in the appellant's complaint sufficient to show a present cause of action, at the time this suit was brought, in favor either of the appellant, or of his ward, Eli Q. Butcher?

It seems to us, that, under the legislation of this State applicable to the subject-matter of these two questions, each of them must be answered in the negative.   We will separately consider these two questions, in their enumerated order:

1. Section 14 of "An act concerning the partition of lands," approved May 20th, 1852, provides as follows:

"Sec. 14. In all proceedings under this act, guardians may act for their wards as their wards might have acted, being of age" 2 R. S. 1876, p. 347.

Section 24 of "An act touching the relation of guardian and ward," approved June 9th, 1852, provides as follows:

"Sec. 24. The guardian of any minor may join in, and assent to, a partition of the real estate of such minor under the direction of the court. upon a petition for partition." 2 R. S. 1876, p. 597.

Construing these two sections together, it seems to us to be the true intent and meaning thereof, that whatever a minor, if of lawful age, might personally do, in an action for the partition of lands in which he had an interest, the guardian of such minor, as such guardian, might lawfully do therein, for and on behalf of his ward, without the presence of said ward, as a party to such action. In our opinion, therefore, the appellant's ward, Eli Q. Butcher, was neither a proper nor a necessary party plaintiff, in an action by the guardian, as such, for the partition of lands in which the ward was interested.

2. This action, however, was brought by the appellant, as guardian of the person and estate of said Eli Q. Butcher, to obtain a review of the proceedings in a partition suit, to which said Butcher was a party defendant; which suit had been brought, tried and determined more than twelve years before that time, in a court having full and complete jurisdiction, both of the subject-matter of said suit and of the persons of all the parties thereto, said Butcher included. If, at the time of the commencement of this action, the said Eli Q. Butcher could, under the law, have brought and maintained a similar action, for the same purpose, in his own name, by his next friend, then we think, that, under and by virtue of the statutory provisions before cited, the appellant, as such guardian,

might have brought and maintained this suit for and on behalf of his said ward, and without his presence as a party to such suit. But if, on the other hand, the said Eli Q. Butcher could not, under the law, during his minority, by his next friend, have brought and maintained an action to review said proceedings in partition, then, and in that event, it is clear, we think, that the appellant, as such guardian, could neither bring nor maintain such action for review, and that the facts stated in his complaint would not be sufficient to constitute a cause of action in his behalf, as such guardian.

Section 29 of the act before referred to, concerning the partition of lands, provides as follows:

"Sec. 29. Upon showing sufficient cause any person not served with summons may, within one year after such partition is confirmed, appear and open the proceedings and obtain a review thereof, and also any person of unsound mind or any infant whose guardian did not attend and approve such partition, may, within one year after the removal of his disability, have a review of such partition." 2 R. S. 1876, p. 350.

This section of the statute contains the only authority for the commencement and maintenance of a suit for the review of the proceedings in a former action for the partition of lands. As applicable to the case now before us, it is clear, we think, that the said Eli Q. Butcher could not, during his minority, have or maintain any action for the review of the proceedings in the former partition suit. If he could not bring or maintain such suit for review during his minority, it is equally clear that the appellant, as his guardian, could not do so; for, under the law, the appellant could only act for his ward as his ward might have acted, being of age. In this case the appellant's ward could not act under the law, until he was of full and lawful age, or until, in other words, the appellant had ceased by law to be his guardian; and therefore it follows that the appellant could neither bring nor maintain this

action. The appellant, as guardian, was only authorized to act for said Eli Q. Butcher, when and where the latter might have acted, in partition proceedings; in this proceeding for review, Eli Q. Butcher could not act until his disability of infancy was removed by his becoming of full and lawful age; when he should become of lawful age, the appellant would not and could not be, for a single moment, his legal guardian; and therefore the appellant, as such guardian, could neither bring nor maintain the present action for the review of the former proceedings in partition. The action would not lie, under the statute, during the minority of the appellant's ward, and when the ward ceased or should cease to be a minor, the appellant would, *eo instanti*, cease to be his guardian.

In conclusion, we hold that the facts stated in the appellant's complaint were not sufficient to constitute a cause of action in his behalf, as guardian of the person and estate of said Eli Q. Butcher, and therefore that the court below erred in overruling the appellees' demurrer to said complaint.

Having reached this conclusion in regard to the insufficiency of the appellant's complaint, it is unnecessary for us to consider or decide as to the sufficiency or insufficiency of the appellee's answers.

Upon the theory that a bad answer is a good enough answer to a bad complaint, we may well say that no error was committed by the court below in overruling the appellant's demurrers to the appellees' answers.

The judgment is reversed, at the appellant's costs, and the cause is remanded, with instructions to the court below to sustain the appellees' demurrer to the appellant's complaint.