No. 9414.

## Booth v. The Board of Commissioners of Cass County.

PLEADING.—*Practice.*—A pleading must aver facts and not conclusions of law, and special averments will control general averments therein.

SAME.—*Action to Recover Money Paid on Void County Order.*—A paragraph of complaint which avers that the defendant is indebted to the plaintiff, a board of county commissioners, in a certain sum for money paid to him by the treasurer of the county upon a void order drawn by the auditor, without stating any fact to show the invalidity of the order, is insufficient upon demurrer.

COUNTY ORDER.—*Commissioners May Recover Back Money Paid on Void Warrant.—Highway.—Appeal.*—Where a party obtains an allowance by the board of commissioners for damages sustained by the location of a highway through his land, and appeals from such order to the circuit court, such appeal and a dismissal of the proceedings annul such allowance, and money thereafter paid to him by the county treasurer upon a warrant drawn by the auditor for such allowance may be recovered back by the county commissioners in an action therefor.

SAME.—*County Auditor.*—The fact that the county auditor supposed that such allowance was unaffected by such appeal constitutes no defence to such action; nor does the act of the auditor in drawing the warrant in good faith bind the county, as he has no authority, in the absence of an order, to draw warrants upon the treasury, and such act is void.

PRACTICE.—*Pleading.—Demurrer Improperly Overruled to Paragraph of Complaint.—Judgment.*—Where a demurrer has been improperly overruled to one paragraph of a complaint, and it does not appear that judgment was not rendered upon such paragraph, the judgment will be reversed.

From the Superior Court of Cass County.

*M. Winfield* and *Q. A. Myers*, for appellant.

BEST, C.—This action was brought by the appellee against

the appellant to recover $250 alleged to be due from the latter to the former.

The complaint consisted of two paragraphs, to each of which a demurrer, for the want of facts, was overruled. An answer of five paragraphs was filed, to each of which a demurrer was sustained, and, the appellant declining to further plead, final judgment was rendered against him as upon default.

The rulings upon these demurrers present the questions arising upon this appeal.

The first paragraph of the complaint is as follows : " Comes now the plaintiff and * * * shows to the court that the defendant is indebted to the plaintiff in the sum of $250, and interest thereon from and after December 23d, 1879, for money had and received belonging to the plaintiff, which was paid to the defendant by the treasurer of Cass county, on the said 23d day of December aforesaid, upon a warrant issued to said Booth by the deputy auditor of Cass county, upon a void order of allowance, known by him, the said Booth, at the time to be void, and by him, the said Booth, converted then and there to his own use." It was further averred that the money had been demanded, its payment refused, and that the same was due and remained unpaid.

This paragraph was, we think, insufficient. The general averment that the appellant was indebted to the appellee in the sum of $250, for money had and received belonging to the appellee, is controlled by the averment that the money was paid to the appellant by the treasurer of said county upon a warrant drawn by the auditor upon an order of allowance; and the legal effect of this averment is not changed by the averment that the order of allowance was void. These averments show that the money sought to be recovered was paid to the appellant in pursuance of an allowance made, and the right of the appellee to the money depends solely upon the invalidity of that allowance. No fact is averred to show its invalidity. It is simply averred that the order was void.

This is not the statement of a fact, but a conclusion of law.
*Kellogg* v. *Tout,* 65 Ind. 146.

A pleading must state facts, and not conclusions of law.
*Kern* v. *Hazlerigg,* 11 Ind. 443; *Clark* v. *Lineberger,* 44
Ind. 223.

Without an averment of the facts, showing the invalidity
of the order, the paragraph in question did not show any right
in the appellee to recover the money, and was, therefore, in-
sufficient.

The second paragraph of the complaint averred, in sub-
stance, that proceedings were instituted before the commis-
sioners of Cass county for a change of highway, which affected
the lands of appellant; that the change was granted; that
$250 was allowed the appellant for damages sustained by him
in consequence of said change, and the same was ordered
paid out of the county treasury; that appellant appealed to
the circuit court of said county from the proceedings and
said order; that upon his motion the circuit court dismissed
said proceedings and declared the same, including said order,
void; that thereafter the appellant procured the auditor of
said county to issue him an order upon the treasury of said
county for the amount of said allowance, presented the same
to the treasurer, and received thereon $250, all of which was
done with full knowledge that said allowance was null and
void; that the money has been demanded, its payment re-
fused by the appellant, and that the same remains unpaid.

The appellant does not question the sufficiency of this par-
agraph in his brief, and we think it unquestionably good.

The first paragraph of the answer is directed to the first
paragraph of the complaint, and, as we hold the latter insuffi-
cient, it is unnecessary to consider this paragraph of the
answer.

The second paragraph of the answer is directed to the
second paragraph of the complaint, and simply avers that the
auditor, when he issued the warrant, knew the facts, and con-

cluded that the appellant was, under the law, entitled to the order, in which opinion the appellant concurred.

It is said that the act of the auditor in issuing the warrant was an official act, and as such bound the county. We think otherwise. The auditor can not thus dispose of the county funds. This paragraph was insufficient.

The third and fourth paragraphs were, in substance, the same as the second, and were also insufficient.

The fifth paragraph averred, in substance, that proceedings were pending before the commissioners of Cass county for the change of a highway which affected the lands of appellant and others; that an allowance of $250 was made to appellant for damages sustained by him in consequence of such change, which sum was ordered paid out of the county treasury; that appellant, and another to whom an allowance had been made, appealed from said proceedings to the circuit court, and, upon motion of appellant and such other person, said cause was dismissed and said proceedings, including said order of allowance, were set aside, except the petition, which remained pending before the board of commissioners; that thereafter the board of commissioners of said county granted a turnpike company the right to take possession of said highway for a gravel and toll road; that thereafter said turnpike company made an agreement with the appellant and such other persons as were affected by the proposed change in said highway, whereby the latter agreed to allow said highway to be changed as proposed in said petition, and for said change said turnpike company paid the appellant " a consideration ;" that thereupon said highway was changed, opened, worked, and has since been used as a highway; that thereafter the fact that appellant had consented to such change was reported to the said board of commissioners, and said board in regular session made the following order: "Ordered by the board, that the auditor issue to William J. Hill, as secretary of the Logansport and Pleasant Grove Turnpike Company, a county warrant for $250, the amount of damages assessed against the

petitioners for a change in the Pleasant Grove road, in favor of DeHart Booth, sustained by him on account of said change in said road, which assessment was made at the March term, 1877, and ordered by the board to be paid out of the county treasury; the issuing of which order to the said Hill is in compliance with an agreement between said Booth and said company."

The appellant further averred that so much of said order as recited an agreement between him and said turnpike company was untrue, and that he never agreed with said company nor consented that said allowance should be transferred, and that so much of said order as directed said allowance to be paid to said Hill was void; that appellee knew of the appeal and the dismissal of said proceedings, and with knowledge thereof made the above recited order; that the appellee has since vacated that portion of said highway proposed to be changed in said petition, and has all the benefits contemplated by said change; that the appellee has ordered warrants to be drawn in favor of other persons to whom damages were awarded in said proceedings, and by reason of the foregoing facts said allowance was legalized, etc.; wherefore.

The appeal and dismissal of the proceedings to change the highway by the circuit court annulled the order of allowance made by the commissioners. *State, ex rel. Fullheart*, v. *Buckles*, 39 Ind. 272.

This the appellant does not controvert; nor does he claim in his brief that the subsequent order made in favor of William J. Hill authorized the auditor to draw a warrant in his favor, either in payment of the original allowance or the allowance made to Hill, but he claims that the act of the auditor in drawing the warrant was an official act, which, in the absence of fraud, binds the county. No authority is cited in support of this proposition, and we know of none. The auditor, without the proper order, has no more authority to draw warrants upon the treasury than the treasurer has to pay the money without the warrants; and such unauthorized acts do

not bind the county. *Ware* v. *State, ex rel. Long,* 74 Ind. 181.

For such wrong the auditor is liable, and so is the party who obtains the money. No fact is averred in this paragraph that showed appellant had any right to the money, and therefore the demurrer was properly sustained.

We have now examined all the questions in the record, and find no error in it except in overruling the demurrer to the first paragraph of the complaint, and as it does not appear that judgment was not rendered upon such paragraph, the judgment must be reversed for such error.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain the demurrer to the first paragraph of the complaint, and for further proceedings.