No. 10,832.

## MILLER, GUARDIAN, v. SMITH ET AL.

PARTITION.—*Parties.*—*Appeal.* — *Guardianship.* — In a suit for partition against infants, the guardian of their persons and estates may appear in his own name as guardian and plead in their behalf, and in the same name as a party appeal to the Supreme Court.

SAME.—*Description.* — *Pleading.*—*Exhibits.* — *Will.*—*Title.*—*Counter-Claim.*— *Harmless Error.*—To a suit for partition of lands, it was pleaded, as an answer and cross complaint, that one A. died seized thereof; that there was "a certain bed and deposit of limestone rock, known as the rock on Big Creek," on a certain portion of said lands, in the whole of which portion the plaintiff, by his complaint, has claimed an estate for his life; that by the terms of A.'s will, exhibited in the record, the defendant "now owns the said rock situate on the above described real estate, and known and designated by the terms of said will as the rock on Big Creek." The will exhibited was without probate, and it was not averred that it had been proved, or that A. died testate.

*Held,* that as an answer this pleading amounted only to a denial, which having been pleaded, it was harmless error to sustain a demurrer to it.

*Held,* also, that as a counter-claim it was bad on demurrer for failure to give a definite description of the rock, or to allege that the plaintiff, had any interest in it, or in the land in which it was alleged to be, and also for failure to show how title passed from A. to the pleader.

SAME.—*New Trial.*—*Practice.*—Where, in partition, on motion for a new trial, assigning for cause that the finding (which was for the plaintiff and that partition ought to be had) was not sustained by sufficient evidence, it appeared by the evidence that the plaintiff was entitled to partition of some of the lands in question, there was no error in overruling the motion.

HARMLESS ERROR.—*Demurrer.*—There is no available error in sustaining a demurrer to a good defence to a part of a complaint, where the final judgment as to that part of the complaint is against the plaintiff.

From the Monroe Circuit Court.

*E. K. Millen* and *J. S. Williams,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellees.

BLACK, C.—John W. Smith brought suit against John W. L. Smith, James T. Smith, Nancy L. Smith, Oma Welsh, Louisa N. Williams, Nancy V. Williams, William L. Williams, Sarah Williams, Hettie Williams and Louisa J. Williams, the complaint alleging that the plaintiff and the defendants named Smith and said Louisa J. Williams were the owners in fee simple as tenants in common of six town lots, described; that the plaintiff owned the undivided one-sixth,

the defendants named Smith the undivided two-sixths, and the defendant Louisa J. Williams the undivided one-half thereof; and that the other defendants claimed some interest in said lots, under the will of John Ashbaugh, their deceased grandfather, but that their claim was unfounded in law or equity.

The complaint further alleged that the plaintiff and the defendants named Smith were the owners in fee simple as tenans in common of certain lands described, being seven tracts; that the plaintiff owned the undivided one-third thereof and the defendants named Smith the undivided two-thirds thereof, in fee simple, but that the plaintiff owned also a life-estate in the first two of said tracts; that the defendants other than those named Smith claimed some interest in all of said lands under said will, but that the claim was unfounded in law or equity. Prayer for partition, and that the defendants other than said Smiths and Louisa J. Williams be declared to have no interest in said town lots, and that the defendants other than said Smiths be declared to have no interest in said lands.

The defendants other than those named Smith filed pleadings, as to which no question is presented. The defendants named Smith were minors, and David Miller, guardian of their persons and estates, appeared and pleaded in their behalf. His pleading consisted of four paragraphs, the first being an answer of general denial, and each of the others purporting to be both an answer and a cross complaint against the plaintiff and the defendant Louisa J. Williams.

The plaintiff demurred to each special paragraph of this pleading of said guardian, and the demurrer was sustained. On the trial of the cause by the court there was a finding for the plaintiff, and that partition between the parties ought to be had; and the court by interlocutory judgment awarded partition of said town lots between the defendants named Smith and the defendant Louisa J. Williams, it being adjudged that the other defendants and the plaintiff had no interest in said lots; and the court awarded partition of said lands, except the first two tracts thereof, between the plain-

tiff and the defendants named Smith. As to said first two tracts, it was adjudged that the plaintiff was the owner in fee simple of one-third thereof, and the owner of a life-estate in the whole, and that the defendants named Smith were the owners of two-thirds in value of the remainder after the termination of said life-estate; and that as to said two tracts the plaintiff was not entitled to partition thereof at that time. It was also adjudged that the defendants other than said Smiths had no interest in said lands described in the complaint. Commissioners were appointed, who made report. Said guardian moved for a new trial, assigning as grounds that the finding was not sustained by sufficient evidence, and that it was contrary to law. The motion was overruled. The court confirmed the report, and rendered final judgment.

Said David Miller, guardian, alone appeals, assigning as errors the sustaining of the demurrer to the second and third paragraphs of his cross complaint, and the overruling of his motion for a new trial.

The appellee John W. Smith insists that as said guardian was not a party to the judgment, he can have no standing in this court as an appellant.

Upon the authority of *Bundy* v. *Hall*, 60 Ind. 177, we hold that a guardian of the person and estate of a minor, in an action for the partition of real estate in which his ward is interested, may, as such guardian, in behalf of his ward, appear and plead and appeal from the judgment rendered.

The appellant's said second paragraph, to which the demurrer was sustained, related to said town lots only. In the partition awarded, the plaintiff was given no share in said lots, which were divided in accordance with the averments and the prayer of said second paragraph. If, then, there was any error in sustaining the demurrer to that paragraph, the appellant has suffered no injury therefrom.

Said guardian's third paragraph alleged, in substance, that on the 23d of November, 1873, John Ashbaugh died the owner of certain real estate in Monroe county, in this State,

to wit, the east half of the southeast quarter, and the south half of the northeast quarter, of section 18, township 10 north, of range 2 west; that said decedent left surviving him his widow, Nancy, and his children and heirs Louisa Williams and Cassandra C. Smith, the wife of the plaintiff; that said Cassandra died, February 10th, 1881, leaving her children and heirs, the appellant's wards, who still were under the age of twenty-one years; that, on, etc., the appellant was duly appointed guardian of the persons and estates of said minor heirs, by order of the Monroe Circuit Court; that upon said described real estate there was, at the time of the making of the last will and testament of said John Ashbaugh, deceased, "a copy of which is elsewhere found in this record, and marked ' exhibit A,'" and there still was, a certain bed and deposit of limestone rock, known as the rock on Big creek; that, by the terms of said last will and testament, the said defendant Louisa and the said children and heirs of the said Cassandra "now own the said rock situate on the above described real estate, and known and designated by the terms of the said will as 'the rock on Big creek,' as tenants in common;" but that the plaintiff claimed some interest adverse to said wards, which was unfounded of right. Prayer for such judgment in partition of said real estate that the interests of said wards might be determined and confirmed as above set forth; that the sole use, benefit and control of said rock, so known and described, might be decreed in said wards and said Louisa together, and that in whatever partition might be decreed, the interests of said wards and of said Louisa be set off together free from any claim in favor of the plaintiff.

The two half quarter sections of land described in this pleading were the two tracts in the whole of which the plaintiff by his complaint claimed a life-estate.

It was not alleged in said third paragraph whether or not said Ashbaugh died testate or intestate; but it was stated that by the terms of his last will and testament, said wards and

said Louisa owned said rock as tenants in common. It was not averred that said will had been proved, and the only exhibit filed with any of the pleadings was a copy of a will of John L. Ashbaugh filed with a cross complaint of Louisa Williams, without anything to show that said will had been admitted to probate.

If any written instrument can be made part of a pleading by such a reference to it therein, as to which we make no decision, we think that a will not shown to have been admitted to probate could not as an exhibit aid the averments of a pleading in such an action.

In an action for partition of real estate, or in a suit to quiet title thereto, the title of the appellant's wards might be alleged generally, without any averments as to its source. But here, the pleader having alleged title in John Ashbaugh, it was necessary to show by the averment of facts how an interest passed to said wards. This he attempted to do, but he failed by reason of neglect to show the terms of a probated will, from which the court might see that the title claimed had passed from Ashbaugh to the appellant's wards. See *Clark* v. *Lineberger*, 44 Ind. 223.

If, without exhibiting the will, or setting forth its provisions, upon the terms of which the appellant based the claim of ownership in his wards, the cross complaint could withstand a demurrer, the pleading did not show a cause of action for partition or to quiet title against the plaintiff. He was not alleged to have any interest in anything to be divided. It was alleged that he had no interest in said rock, and it was not averred that he had any interest in the tracts of land in which the rock was said to be.

While it was alleged that said wards had an undivided interest in said rock, it was not stated what share thereof they owned. Though we think that the owners of undivided shares of a bed and deposit of limestone rock might have partition thereof as real estate, or might sue to quiet title thereto against adverse claim, and though the designation of said de-

posit alleged to have been made in the will referred to might perhaps be a sufficient description in a will, yet we think that a complaint for partition thereof or to quiet title thereto should give a better description than was here given. The description should be such that the court might know therefrom the situation and extent of the property concerning which it was asked to adjudicate.

If said third paragraph be regarded as an answer, it amounted to no more than a denial of the plaintiff's claim in relation to said two tracts of land, and the first paragraph of said guardian's pleading was a general denial. The evidence showed that the plaintiff was entitled to have partition of some of the lands described in his complaint. Therefore, there was no error in overruling the. motion for a new trial. If the judgment, interlocutory or final, was erroneous, no question concerning such error was raised.

There was a misjoinder of causes of action. *Brownell* v. *Bradley*, 16 Vt. 105; *Hunnewell* v. *Taylor*, 3 Gray, 111; *Kitchen* v. *Sheets*, 1 Ind. 138; *Jones* v. *Levi*, 72 Ind. 586. But no objection was made on this ground below, and none has been made here. We find no available error.

PER CURIAM.—Upon the foregoing opinion the judgment is affirmed, at the costs of the appellant.

