Gavin v. The Board of Commissioners of Wells County et al.

The judgment is affirmed, with costs.

Filed Dec. 15, 1885.

---

No. 12,423.

GAVIN *v.* THE BOARD OF COMMISSIONERS OF WELLS COUNTY ET AL.

COUNTY COMMISSIONERS.—*Powers.*—The board of commissioners possesses only statutory powers, and can do no act not expressly or impliedly authorized by statute.

SAME.—*Jurisdiction.*—*Notice.*—Notice is a jurisdictional matter; where there is *no* notice there is no jurisdiction, and if no jurisdiction the proceedings of the board are void.

| 104 | 201 |
| --- | --- |
| 125 | 555 |
| 104 | 201 |
| 130 | 518 |
| 104 | 201 |
| 137 | 362 |
| 139 | 634 |
| 104 | 201 |
| 142 | 19 |
| 143 | 517 |
| 104 | 201 |
| 146 | 167 |
| 147 | 508 |
| 104 | 201 |
| 148 | 474 |
| 152 | 325 |
| 104 | 201 |
| 168 | 23 |

SAME.—*Injunction.*—Where an order of the board of commissioners is void, for want of jurisdiction, injunction will lie.

SAME.—*Free Gravel Road.—Additional Tax.—Final Order.*—Where, in a proceeding to establish a free gravel road, the board of commissioners has confirmed the report making assessments, and made a final order therein that the tax be placed upon the duplicate, and the gravel road has been fully completed and accepted, the power of such board in that proceeding is at an end, and a subsequent levy of an additional tax, made by the board without notice, is void.

From the Wells Circuit Court.

*N. Burwell,* for appellant.

*J. S. Dailey, L. Mock, T. W. Wilson* and *J. J. Todd,* for appellees.

ELLIOTT, J.—The first paragraph of the appellant's complaint describes land of which he is the owner, and alleges that taxes to the amount of $476.50 were assessed against it to aid in the construction of a free gravel road; that these taxes were made payable in six annual instalments; that the order for the assessment of the taxes was made on the 9th day of September, 1882, and that he has paid all of the instalments that have become due, and is willing to pay those not due when they become payable.

It is further alleged that the board caused the taxes so assessed to be entered upon the tax duplicate on that day, and that, "on the 6th day of June, 1884, long after the gravel road was completed and taken off the hands of the contractor, the board of commissioners attempted to levy on the plaintiff, without any notice to him, or any notice whatever, an additional burden by ordering a levy of eight per cent. on the original assessment amounting to the sum of $38.12, additional tax for the year 1884." It is charged in the complaint that "the order of the board making the eight per cent. additional tax levy was unauthorized by any law of this State." The trial court sustained a demurrer to this paragraph of the complaint, and this ruling is assigned for error.

The contention of the appellant's counsel is, that the levy

of the additional tax was not authorized by law and is void. We have been unable to find any statute which authorizes the board of commissioners, after it has once levied a tax to aid in the construction of a free gravel road, to add to the assessment after the tax has been placed upon the duplicate and after the gravel road has been fully completed, and we know of no general rule of law that will sustain such a proceeding. The statute provides that "The final action of the commissioners shall be entered upon their records, together with the report as confirmed, showing how the said estimated expense has been apportioned upon the land ordered to be assessed as aforesaid. The county auditor, before placing the said assessment upon the duplicate, shall reduce or add to the same, *pro rata*, the amount the actual expense shall be found to be, more or less than the said assessment." R. S. 1881; section 5096.

The clear implication from this provision is, that when the commissioners confirm the report and direct that the tax be placed upon the duplicate, their powers in that proceeding are exhausted. The language of the provision clearly imports that the matter is then terminated, for the words employed are "the final action of the commissioners," and the character of the acts performed by the board shows that the whole matter, so far as taxpayers who do not complain are concerned, is finally disposed of, by the action taken by the board upon what the statute denominates the "final report." There is nothing in any other part of the statute that conflicts with the provision quoted. It is true that in section 5095 there is the following provision: "If, at any time after making such final order, the commissioners shall find that there has been an omission of lots or lands within the territory sought to be assessed, or that there has been manifest injustice in the apportionment of taxes, or that public necessity requires any alteration in the manner of improvement as ordered, they are authorized to make such addition and re-apportionment as they may deem proper." This provision, it is evident, does

not authorize the board of commissioners to assess a new and different tax, and that is really what was done in this instance. It does authorize the commissioners to correct errors in a tax levied pursuant to notice and under the proceedings had under the original notice.

The board of commissioners possesses only statutory powers, and can not do any act not expressly or impliedly authorized by statute. This is a general rule, and it applies with peculiar force to such a case as the present, for this is a case where the board exercises a special power in a special case. More than this, the proceeding is one which takes from a private owner money for the benefit of the public, and the case belongs to the class of cases where the officers claiming the right to impose a tax for a special purpose must show clear statutory authority. The statutory authority terminated in this instance with the assessment of the tax, and there is no authority to levy without notice a new and distinct assessment. A power to effectuate a special purpose is not a continuing one, but is exhausted when once completely exercised.

A board of commissioners empowered to order a tax for a special purpose can not, after the power has been exercised, resume it. Where a board makes a final order, it can not at pleasure take up the matter and make other orders. *Doctor v. Hartman,* 74 Ind. 221, and cases cited ; *City of Madison v. Smith,* 83 Ind. 502, *vide* p. 512 ; *Weir v. State, ex rel.,* 96 Ind. 311, *vide* p. 313 ; *Board, etc., v. Logansport, etc., G. R. Co.,* 88 Ind. 199.

There is a broad distinction between general and special powers. The former are in their nature continuing ones, the latter are not. *Platter v. Board, etc.,* 103 Ind. 360. The accomplishment of the special purpose for which a power was granted terminates the power. If it were otherwise parties could never know when the matter was at an end. In such a case as this, the taxpayer has a right to treat the matter as finally determined when the final order is made, for, if it were otherwise, he would be required to keep watch over the proceedings of the

board for years, and such a requirement would be palpably unreasonable and essentially unjust.   If the rule were not what we assert it to be, then at any time after the final order the commissioners might resume power and increase the tax much beyond the original assessment.   There would, indeed, be no limitation upon their authority.

In the case of *Strosser* v. *City of Fort Wayne*, 100 Ind. 443, we said : " The right to notice is a fundamental one, and it is a rule of wide application, that in order to take from a citizen any rights, or impose upon him any burdens, notice of some kind must be given him.   *Wright* v. *Wilson*, 95 Ind. 408 ; *Campbell* v. *Dwiggins*, 83 Ind. 473 ; *Tyler* v. *State*, 83 Ind. 563 ; Cooley Const. Lim. (5th ed.) 615." This doctrine applies here.   The appellant was entitled to notice, and the notice given extended no further than the final order in the matter in which it was given.   A party notified to appear in a stated proceeding is not bound by anything done after a final judgment has fully disposed of that proceeding. Without notice, a new assessment can not be made two years after the final order is entered.   The functions of the original notice ended with the final order which it authorized.   If a new assessment can be made in two years, then there is no reason why it may not be made in five, ten, or twenty years. If it can be made for a small sum it can be made for a large one ; and this proves the unreasonableness of the position assumed by the appellees.

Notice is a jurisdictional matter ; where there is no notice there is no jurisdiction, and if no jurisdiction, then the proceedings are void.   *Strosser* v. *City of Fort Wayne, supra ;* *Town of Cicero* v. *Williamson*, 91 Ind. 541 ; *Jones* v. *Cardwell*, 98 Ind. 331, *vide* p. 332.   If there is no notice the judgments of the courts of the highest rank are not valid, and surely those of an inferior court can not be.   There was no notice of the assessment of the second tax, and the order of the commissioners was therefore without force.

The case before us is not one where there was some notice,

although defective, nor is it a case where there was merely error or irregularity in the proceedings of the board, but it is a case where there was a total lack of jurisdiction for the reason that there was no notice. *Hobbs* v. *Board, etc.*, 103 Ind. 575. The case is, therefore, not within the rule that a judgment can not be collaterally impeached, and the cases of *Stoddard* v. *Johnson*, 75 Ind. 20, *Ricketts* v. *Spraker*, 77 Ind. 371, *Cauldwell* v. *Curry*, 93 Ind. 363, *Smith* v. *Clifford*, 99 Ind. 113, and their kindred cases, are not in point.

The rule has long been established, and is maintained by many decisions, that where an order of the board of commissioners is void, because made in a case where it had no jurisdiction, injunction will lie. This is such a case.

The court erred in sustaining the demurrer to the first paragraph of the complaint.

The second paragraph of the complaint alleges that the tax levied by the board of commissioners was more than sufficient to pay the bonds issued to secure funds to pay the cost of constructing the road; it does not, however, aver that the tax was sufficient to pay the cost of constructing the road and all expenses. The statute is careful to protect the county interests and to guard against the use of the general funds of the county to pay any part of the expenses incident to the construction of a free gravel road, for it provides " That all the lands liable to assessment, under the provisions of this act, for the construction of such road, shall be held responsible to the county, to protect the county against all loss or liability arising from any judicial proceeding affecting the assessments for benefits, and also all costs and expenses that may arise in any litigation ; and re-assessments may be made to discharge the same." R. S. 1881, sec. 5102.

This statute is broad enough to authorize the board to make an assessment sufficient to cover all expenses, direct and incidental, and the second paragraph of the complaint would be bad if it stopped with the averment of the fact that the cost of constructing the road did not exceed the assess-

ment, but it does not stop with the averment of this fact, for it does contain, in addition, substantially the same facts as the first paragraph. For the reasons given in considering the first paragraph, we think the second is also good. In thus holding we do not decide that the board may not make a subsequent levy if the first proves insufficient, but we do decide, that where there has been a final order, and the gravel road is fully completed and accepted, a new or additional tax to aid in the construction of the road can not be assessed without notice. Notice is the foundation of the right to make either an original or a new special assessment.

Counsel for the appellant is in error in asserting that it is not alleged that the tax duplicate is in the hands of the treasurer.

Judgment reversed.

Filed Dec. 12, 1885.