The Board of Commissioners of Wells County *et al. v.* Fahlor.

No. 13,055.

THE BOARD OF COMMISSIONERS OF WELLS COUNTY ET
AL. *v.* FAHLOR.

GRAVEL ROAD.—*Construction of.—Void Additional Assessment.—Notice.—In-junction.*—An additional gravel road assessment made by the county auditor at the direction of the county commissioners, after the original assessment has been placed upon the duplicate, without notice to the land-owner or reference to viewers, is void, and its enforcement by a sale of land may be enjoined.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock, A. Simmons, E. R. Wilson* and *J. J. Todd,* for appellants.

MITCHELL, C. J.—At its session in June, 1882, the board of commissioners of Wells county confirmed a special assessment of $155.16 theretofore duly made and reported against the lands of Thomas Fahlor for the purpose of aiding in the construction of a free gravel road. The amount assessed was payable in five years, in semi-annual instalments. This assessment is in no way involved in the present controversy. After the auditor had placed the amount of the above mentioned assessment on the special duplicate, it was discovered that nothing had been included in the estimate of the cost of the proposed work with which to pay interest on the bonds, or to pay the expense of collecting the assessment.

To provide for these omitted items of cost, the commissioners, at their June session, 1884—two years after the original assessment had been made and confirmed—by an order entered of record, directed the county auditor to make an additional levy of ten per cent. for the purpose of paying the interest on the bonds which had been issued, and to defray the expense of collecting the assessments which had theretofore been made.

This last order was made without giving any notice what-

ever. Fahlor charged that he had paid all the instalments of the original assessment that had fallen due, and that he was willing to pay those remaining unpaid as they should thereafter mature. He charged that the additional assessment ordered by the board of commissioners was illegal and void, and that the county treasurer had advertised his land for sale to satisfy the alleged illegal assessment.

The only questions involved are as to the legality of the order making or directing the additional assessment of ten per cent., and whether, if this order was unauthorized, the facts make a case for relief by injunction.

The power of boards of commissioners to make additional assessments to aid in the construction or completion of free gravel roads was fully considered in the recent case of *Board, etc.,* v. *Fullen,* 111 Ind. 410.

The conclusion is there maintained beyond question, that the statute imperatively requires the entire expense incident to the construction of such roads to be borne by the adjoining land-owners, and that for the purpose of completing the work where the assessment as originally made had proved inadequate, or to indemnify the county from loss, an additional assessment might be made upon the lands benefited, without a new petition. It was further held, however, that the board of commissioners had no power to make the reassessment, but that the matter in that regard must be referred to the viewers or committee, and that due notice of such proposed reassessment must be given.

The decision already referred to, as well as the universally established principle that no burden can be imposed upon the property of a citizen without giving him due notice, and affording him an opportunity to be heard, would seem to be conclusive that the order imposing an assessment of ten per cent. upon the plaintiff's land was without authority of law.

Under the provisions of section 5096, R. S. 1881, the county auditor, after the committee makes its report, and before the

assessments as reported are placed upon the special duplicate, may reduce or add to the same, *pro rata*, according as the actual expense of the enterprise shall be found to be more or less than the sum estimated. But when the assessments have once been placed upon the special duplicate, so as to become a lien upon the real estate assessed, it is not within the power of the board to order the assessments to be increased, and thus create a new burden, or increase that already existing, upon the lands affected, without notice, and without a new reference to the committee.

We do not doubt the power of the board to cause mistakes which may have intervened to be rectified, even to the extent of ordering new assessments, but such assessments, whatever may have rendered them necessary, can only be made by the proper committee, due notice thereof having been given, according to the provisions of section 5096, *supra*. *Gavin* v. *Board, etc.*, 104 Ind. 201.

It thus appears that the additional assessment ordered by the commissioners was without their jurisdiction. It was, therefore, void. The plaintiff having, as he alleged, paid all the assessments for which he was legally liable, and the county treasurer having advertised his land for sale in order to satisfy a void assessment, a case was presented which justified the interference of the court.

A sale of property to satisfy a void assessment will be enjoined. *Hobbs* v. *Board, etc.*, 103 Ind. 575 ; *Bishop* v. *Moorman*, 98 Ind. 1 (49 Am. R. 731).

The objection that judgment was rendered over the general denial, because of the refusal of the appellant to answer further, is not available here, since it appears that no such objection was made in the court below.

The judgment is affirmed, with costs.

Filed March 10, 1888.