The Board of Commissioners of Wells County *et al. v.* Gruver.

Filed June 14, 1888.

---

No. 13,323.

THE BOARD OF COMMISSIONERS OF WELLS COUNTY ET AL. *v.* GRUVER.

GRAVEL ROAD.—*Construction of.*—*Additional Assessment.*— *Notice.*—*Injunction.*—Where the board of county commissioners has made a final order levying an assessment for the construction of a gravel road, it exhausts its jurisdiction to assess land under the original notice, and an additional assessment, if the first proves insufficient, can not subsequently be levied against property-owners without a new notice, and, if levied, its collection may be enjoined.

SAME.—*Pleading.*—An averment that no notice whatever was given of the levying of an assessment is not the statement of a mere conclusion, but the statement of a material fact.

PLEADING.—*Practice.*—*Sustaining Defective Demurrer to Bad Answer.*—*Harmless Error.*—It is at most a harmless error to sustain a defective demurrer to a bad answer.

From the Wells Circuit Court.

The Board of Commissioners of Wells County *et al. v.* Gruver.

*J. S. Dailey, L. Mock, A. Simmons, E. R. Wilson* and *J. J. Todd,* for appellants.

ELLIOTT, J.—The complaint alleges, among other things, that the appellee is the owner of the tract of land described; that an assessment was levied upon it for the purpose of constructing the Bluffton and Salamonie Gravel Road; that, on the 9th day of September, 1882, the final order levying the assessment was made by the board of commissioners; that, afterwards, on the 6th day of June, 1884, without notice to the plaintiff, and without any notice whatever, the board of commissioners entered an order levying an additional assessment. Prayer that the collection of the assessment levied on the 6th day of June, 1884, be enjoined.

We regard the complaint as sufficient. There are, doubtless, in it, as the appellants' counsel contend, some conclusions of law, but, excluding all these, there are substantive facts well pleaded, which make the complaint good. The averment that there was no notice whatever of the assessment levied in June, 1884, is not the statement of a mere conclusion of law, but the statement of a material fact. *Davis* v. *Lake Shore, etc., R. W. Co.,* 114 Ind. 364. The allegation is not that the notice was defective or insufficient, but that there was no notice.

The cases of *Caskey* v. *City of Greensburgh,* 78 Ind. 233, *Booth* v. *Board, etc.,* 84 Ind. 428, *Krug* v. *Davis,* 85 Ind. 309, *Miller* v. *Smith,* 98 Ind. 226, *Rains* v. *Scott,* 13 Ohio St. 107, and the other cases cited by counsel are not at all in point. The distinction between an averment that there was no notice whatever, and an averment conceding or implying that there was some notice, is clearly pointed out in *Harris* v. *Ross,* 112 Ind. 314.

Here it appears that the final order was made on the 9th day of September, 1882, and that in June, 1884, an addi-

tional assessment was made without any notice whatever. It is obvious that if there was no notice the appellee could only aver that as a fact, for it is logically inconceivable that he could do more. This disposes of the first objection urged against the complaint by the appellants.

Notice is imperative in all such cases as this. A special tax levied for the purpose of aiding in the construction of a gravel road is not valid unless some notice is given the landowner. *Gavin* v. *Board, etc.*, 104 Ind. 201, and cases cited; *Brosemer* v. *Kelsey*, 106 Ind. 504; *Board, etc.*, v. *Fullen*, 111 Ind. 410.

The rule we have stated was applied to precisely such a case as the present in *Board, etc.*, v. *Fahlor*, 114 Ind. 176.

The question here is, not what the rule is where there is some notice, but what the rule is where there is no notice at all. If there had been some notice we should have a very different case; but the commissioners, in June, 1884, nearly two years after levying the assessment under the only notice given, attempted to levy the assessment of which the appellee complains. Without some notice there was an utter want of jurisdiction.

The order entered in September, 1882, finally disposed of the proceedings under the notice, and, without a new notice of some character, the board of commissioners had no authority whatever to proceed against the appellee. It is clear, upon principle and authority, that the board of commissioners, having finally adjudicated the cause in 1882, could not assume jurisdiction and order an additional assessment in 1884 without acquiring, by notice, jurisdiction over the appellee. She was entitled to her day in court, and that she has not had.

The appellants' counsel are undoubtedly right in asserting that a taxpayer, who seeks an injunction against the collection of a tax which is illegal only in part, must pay or tender the part which he concedes to be legal. *Roseberry* v. *Huff*, 27 Ind. 12; *Muncey* v. *Joest*, 74 Ind. 409, and cases cited;

*Cauldwell* v. *Curry*, 93 Ind. 363; *Russell* v. *Cleary*, 105 Ind. 502; *Morrison* v. *Jacoby*, 114 Ind. 84.

But, while we assert the rule, we deny its application to this case. Here, the plaintiff denies that any part of the assessment levied in June, 1884, is valid. She affirms, and the facts she pleads sustain her affirmation, that all of that assessment is void. She concedes nothing as to that assessment; on the contrary, her assault is directed against it as an entirety. Nor does the attack rest upon the theory that there was merely some irregularity in the proceedings of the officers; the theory of the attack is, that the assessment of 1884 was utterly void because there was an entire absence of jurisdiction. The appellee strikes successfully at the foundation and proves the invalidity of the entire assessment. She overthrows the proceeding from beginning to end. The case, be it remembered, is not that of errors occurring after the acquisition of jurisdiction, but of an attempt to proceed where, in law, there was no authority to move a single step.

Counsel are right in stating that the officers are presumed to have done their duty. But this general principle is of no avail to them, for the reason that it is made to appear that the officers did not do their duty. It does affirmatively appear that so far from having done their duty they attempted to proceed in a matter without jurisdiction.

We copy from the brief of counsel a summary of the only paragraph of the answer to which our attention is directed. They say:

"The averments of the third paragraph of answer are, in substance, as follows: That the gravel road is constructed on and across the appellee's land; that it is a valuable and lasting improvement to her land, and benefits the same $200; that the viewers estimated the expense of the improvement at $47,630.17; that the apportionment committee apportioned against the appellee's land $89, its fair proportion of said estimated expense, according to the benefits; that the

actual expense of grading and gravelling the road was $43,-786.90, and that all of the incidental expense was $922.96, aggregating $44,709.86; that if the bonds of the county had been issued for said amount in the manner and for the time as those that were issued, with the interest thereon, would aggregate $57,295; that to meet the payment of such bonds, had they been so issued, it would have been necessary to have placed upon the special tax duplicate, to be paid in the years from 1883 to 1888, inclusive, the sum of $9,549; that the board of commissioners, instead of issuing bonds for the full amount of $44,709.86, and to save interest to the parties assessed, issued bonds only to the amount of $38,000; that the difference between the said actual expense, $44,709.86, and said bonds, $38,000, to wit, $6,709.86, was paid out from the money collected upon the assessments directly upon the expenses of said work, which saved to the parties assessed $1,-335 in interest that would have accrued on the bonds if bonds had been issued for the $6,709.86; that the auditor, instead of placing said $9,549 upon the duplicate to be collected in each of the years 1883 to 1888, inclusive, by mistake placed upon the duplicate to be collected in each of said years only the sum of $7,977.41; that the appellee had full knowledge of these several acts at the time they severally occurred; that the appellee's portion of said assessment for each of said years should have been $19.09, and for the six years $114.58; that, by the mistake and miscalculations of the auditor, the sum of only $14.83 was placed upon the duplicate for said years; that the appellee had only paid the sum of $44.49 on account of said assessment or improvement on said bonds or the interest thereon; that it was necessary, in order to meet the payment of the bonds that had been issued, with the interest thereon, that matured in the year 1885, to cause the auditor to make a division of said assessment; that the commissioners made such order requiring the auditor to place upon the duplicate against the appellee's land, to be paid in the year 1885, the sum of $21.95, and a like proportion against the other

lands benefited; that the appellee refused to pay any part of said instalment of said assessment in excess of $14.83, which is the assessment of which complaint is made; that it was necessary to place upon the duplicate, to be paid in the year 1886, $9,892.21, and against the appellee's land for said year, $18.39; that the appellee will have to pay in 1887, $16.61, and in 1888, $15.72; that the tax for 1885, 1886, 1887 and 1888 was wholly unpaid; that the total amount the appellee has paid and will have to pay on account of said improvement, and including all expenses, exclusive of the interest on the bonds, will not aggregate $79.83, which is $9.17 less than the original apportionment against her land, and including the interest it will be $102.33; that all the officers acted in good faith; that no additional assessment was made, but only a division of the assessment into instalments in order to meet the payment of the bonds and interest; that no assessment has been made against the appellee's land in excess of the actual cost of the improvement, with the interest on the bonds, and that no instalment in excess of the sum necessary to pay the bonds as they became due, has been made, and that the appellee ' has failed and refused to pay the assessment against her land, which became due and owing from her in the years 1885 and 1886, and that the same is due and unpaid,' and the court is asked to ' order said tax assessment to remain on the duplicate for collection, or order the same to be again levied, and for other relief.' "

This answer, in our opinion, confesses but does not avoid the material allegations of the complaint. The complaint explicitly avers that the assessment made in June, 1884, was an additional assessment, and the order of the board of commissioners set forth in that pleading contains this clause: "And the said auditor is further ordered to make an additional levy of eight per cent. on the whole of each assessment on said gravel road." The complaint also shows, as we have seen, that the board assumed to make this additional levy without giving notice. These material allega-

tions are admitted because not denied, and their admission establishes the legal conclusion that the second assessment was void. We can not perceive any reason upon which it can be held that because the first assessment was not paid in full, or because the auditor made a mistake in putting it on the duplicate, the board had authority to make a second assessment. *Board, etc.,* v. *Fahlor, supra.*

Conceding all that is claimed by counsel, the most that the answer shows is, that a greater amount, under the first order, should have been placed on the duplicate. Grant all this to be true, still it does not follow that a second assessment might be made without notice. We do not, by any means, decide that a greater amount should have been placed on the duplicate under the order of September, 1882, but if we should so decide, it would not lead us further than to hold that the mistake might be corrected. But that would not support the answer, for, to be good, the answer must avoid the fact that the second assessment was made without jurisdiction.

It is not the first assessment that is involved here; it is only the second, and the question is, not whether the auditor made a mistake in putting the first assessment on the duplicate, but whether there was any jurisdiction to make the second. It may be true that there is authority to correct the first assessment—a question we do not decide—but if there is, still that does not sustain the action taken by the board of commissioners. We do not deem it necessary to inquire whether the county can justly claim that as it used the amount collected from the land-owners, instead of issuing bonds at once, and thereby saved some interest to the tax-payers, it can rightfully correct the assessment, for the question which controls the case, and the only question, indeed, which it is proper for us to decide, is, whether there was any jurisdiction in the matter of the assessment of June 6th, 1884?

It is urged that the answer shows that the bill has no

equity, and that for this reason the demurrer to the answer should have been overruled, and we are referred to the cases of *Williams* v. *Hitzie*, 83 Ind. 303, *Woods* v. *Brown*, 93 Ind. 164, *Stokes* v. *Knarr*, 11 Wis. 389, *Woodward* v. *Dromgoole*, 71 Ga. 523, and *Sharp* v. *Schmidt*, 62 Texas, 263.

But these cases do not rule such a case as this. Unless the concession is made that the second assessment creates a debt, the cases cited are entirely irrelevant to the point in dispute. That no such concession can be justly made is very clear. Where a tax is levied in a case where there is no jurisdiction, no debt or charge is created against the taxpayer. *Board, etc.,* v. *Fahlor, supra.* Where there is an entire want of authority to levy the tax sought to be collected, the taxpayer neither owes a debt nor is subject to a charge.

The case before us is not at all like the ordinary case, where the land-owner stands by and receives a benefit without objection; for here the work was done and a full assessment made, and that assessment the land-owner has paid, or is ready to pay, when it becomes due. That assessment he concedes to be just, and only challenges the second assessment. Here the attempt is to add an additional burden long after the final order was made, and to do it without jurisdiction.

The benefit assessed is undisputed, and the contention is that a new assessment can not be made without notice.

The appellants' counsel insist that because, as they assume, the demurrer was defective in form, it was error to sustain it, even though the answer is bad. The law is otherwise. *Hildebrand* v. *McCrum*, 101 Ind. 61. If the answer is bad, then the appellants have no defence, and in sustaining the demurrer, conceding it to be defective in form, there was, at most, no more than a harmless error.

Judgment affirmed.

Filed June 14, 1888.