## BRAUN v. BOARD OF COM'RS OF BENTON COUNTY.

(Circuit Court of Appeals, Seventh Circuit. November 8, 1895.)

### No. 242.

COUNTIES—INDIANA STATUTE—GRAVEL-ROAD BONDS.

Bonds issued pursuant to the statute of Indiana of March 3, 1877 (Rev. St. 1894, § 6855 et seq.; Rev. St. 1881. § 5091 et seq.), in aid of the construction of a free gravel road, are not obligations of the county issuing them. Strieb v. Cox, 12 N. E. 481, 111 Ind. 299, followed.

In Error to the Circuit Court of the United States for the District of Indiana.

This was an action by George A. Braun against the board of commissioners of Benton county, Ind., upon certain bonds and coupons. Judgment was rendered in the circuit court for the defendant. 66 Fed. 476. Plaintiff brings error. Affirmed.

A. J. Beveridge and W. H. Rossington, for plaintiff in error.

Byron K. Elliott, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The question presented is whether bonds duly issued in pursuance of the act of March 3, 1877 (Rev. St. Ind.

1894, § 6855 et seq.; Rev. St. Ind. 1881, § 5091 et seq.), in aid of the construction of a free gravel road, are obligatory upon the county by which they were issued. It is not an open question. In the case of Strieb v. Cox, 111 Ind. 299, 12 N. E. 481, where the inquiry was whether such bonds were county obligations, within the meaning of a constitutional limitation upon the amount of indebtedness which counties and other municipalities of the state might incur, the supreme court of the state declared the bonds to be "payable out of the particular fund to be derived from the collection of the assessments made on the lands adjacent to such free gravel road, and from no other source." This was the essential point of the case, and is not to be confused with the question—which the court declined to consider—whether, if the bonds were bonds of the county, and were issued in violation of the constitution, and for that reason were void, that fact "would invalidate or avoid the proceedings and orders of the county board for the construction of the free gravel road, or the assessments made on adjacent real estate for the cost of such improvement." This decision seems to have been made without reference to previous rulings to the contrary, upon the same or a similar statute, in State v. Commissioners of Fayette Co., 37 Ohio St. 526, and Kimball v. Board, 21 Fed. 145, in harmony with which is the recent decision in Fowler v. City of Superior, 85 Wis. 411, 54 N. W. 800; but it was made before the bonds in suit were executed, and, as a construction of a local statute, is controlling. Reference has been made to State·v. Sullivan, 74 Ind. 121; Ricketts v. Spraker, 77 Ind. 371; Gavin v. Board, 104 Ind. 201, 3 N. E. 846; Robinson v. Rippey, 111 Ind. 112, 12 N. E. 141; Board v. Fullen, 111 Ind. 410, 12 N. E. 298; Board v. Fahlor, 114 Ind. 176, 15 N. E. 830; and Loesnitz v. Seelinger, 127 Ind. 422, 25 N. E. 1037, and 26 N. E. 887,—for expressions that seem to imply county liability upon such bonds, but in none of those cases can it be said that the question was involved or decided. On the contrary, in some of them the doctrine of Strieb v. Cox was approved or reasserted, as it has been in the later cases of Board v. Hill, 115 Ind. 316, 330, 16 N. E. 156; Quill v. Indianapolis, 124 Ind. 292, 299, 23 N. E. 788; Spidell v. Johnson, 128 Ind. 235, 25 N. E. 889. The judgment of the circuit court is affirmed.