<div style="text-align:right; font-style:italic;">
Nov. Term,<br>
1859.<br>
<br>
The City of<br>
New Albany<br>
v.<br>
Sweeney.
</div>

---

## The City of New Albany *v.* Sweeney.

Where a person took a contract for the improvement of a street, under the general law for the incorporation of cities, and one of the lots opposite which the street was improved was owned by a non-resident, and the assessment against it being unpaid, it was sold for a sum less than the assessment, it was *held*, that the contractor could not maintain an action against the city for the deficiency.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—*Sweeney* took a contract for improving a portion of a certain street in the city of *New Albany.*

*Saturday,*
*December 3.*

Nov. Term,
1859.

THE CITY OF
NEW ALBANY
v.
SWEENEY.

The improvement was petitioned for, and the contract for it let, under the provisions of the general act for the incorporation of cities in this state. One of the lots opposite to which the street was improved was owned by non-residents. The assessment for the improvement against it was not paid, and regular proceedings were had by which the lot was sold to pay the assessment. It failed to bring the amount of it; and thereupon *Sweeney*, the contractor, sued the city for the deficiency.

He obtained judgment below.

The judgment cannot be upheld. The charter provides that in all contracts of the character of that involved in this suit, the cost thereof shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot, and the city shall be liable to the contractor for so much thereof only as is occupied by streets or alleys crossing the same, or by public grounds of the city bordering thereon, and the owners of the lots bordering on such street or alley, or the part thereof to be improved, shall be liable to the contractor for their proportion of the cost, in proportion to the length of the line of the lots bordering thereon, and owned by them.

The charter is a public law of which the contractor was bound to take notice. His contract with the city was made with reference to it.

The contractor, before undertaking the improvement, should have examined the property, and inquired as to the persons, constituting his reliance for payment, and, if he found them an unsatisfactory security, he should have declined to enter into the contract.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T. H. Stotsenburg*, for the city.

*T. L. Smith* and *T. M. Brown*, for the appellee.