*J. F. Gardner*, for the appellant.
*Nelson Trusler*, for the appellee.

May Term,
1861.

JOHNSON
v.
THE COMMON
COUNCIL OF
INDIANAP-
OLIS.

---

JOHNSON *v.* THE COMMON COUNCIL OF THE CITY OF INDIAN-
APOLIS.

As the general law of 1852 for the incorporation of cities does not prescribe by what name existing corporations adopting its provisions shall be known, they might, and the Court may presume they did, retain their former corporate names.

The Court can not judicially know the corporate name of a city thus organized.

A person contracting with a city, for the improvement of a street in such city, is bound to take notice of the provisions of the general law regulating such improvements; and must also ascertain whether the Common Council have so conducted the letting, as to render the property holders liable for the improvement.

The corporation can not be made liable for work done in the improvement of streets, except as to the crossings of streets and alleys, though the contract may have been let by the Common Council without the requisite petition from the property holders.

*Quære:* Whether the individual members of the Common Council would, in such case, be liable to the contractor for the work done by him.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—*Johnson* sued the city of *Indianapolis*, by the name and style of " *The Common Council of the City of Indianapolis,*" for work done by him in grading and graveling a certain street in said city, after the adoption by the city of the general law of 1852, for the incorporation of cities.

16  227
138  467
16  227
171  261

*Tuesday,*
*June 4.*

May Term,
1861.

Johnson
v.
The Common
Council of
Indianap-
olis.

The complaint alleges that the council, without any petition having been filed for the improvement, advertised for bids, and let the grading and graveling of *Meridian* street to the plaintiff, upon the bid presented by him; that the property holders refused to pay, because no petition was filed; and that the council refuse to sue them, and refuse to make payment on behalf of the city.

A demurrer to the complaint was sustained, and final judgment given for the defendant.

A question is made as to the corporate name of the city. The act authorizing existing towns and cities to adopt its provisions as their several charters, does not prescribe a name. 1 R. S., p. 203. They would therefore be authorized to, and we may presume they severally did, in adopting the act as a charter, retain their former corporate names. We do not know judicially what the corporate name of a city thus organized is, any more than we know the name, of individuals.

Touching the liability of the city, the charter under which the work in question was undertaken provides, that streets should be improved upon the petition of two thirds of the property holders thereon; that the property holders should pay the contractor for the improvement in each case, except street and alley crossings; and that the city should not be liable to the contractor, except for such crossings. This charter was a general law, of which the contractor was bound to take notice. It gave, as appears, to the city council but a limited authority in the matter of street improvement; and prohibited the council from binding the city to pay for such improvement opposite the property of an individual proprietor. Of this the contractor was bound to take notice; and hence, the duty devolved upon him, before he took the contract, of ascertaining whether the council had so conducted the letting as to render the property holders liable. It was also his duty to satisfy himself as to their ability to pay. *The City of New Albany* v. *Sweeney*, 13 Ind. 245. The industrious counsel for the city has collected the following authorities, bearing upon the case: *Prather* v. *City of Lexington*, 13 B. Monroe, 559; *Martin* v. *Mayor, &c.*, 1 Hill, 550; *Mitchell* v. *Rockland*, 41 Maine. 368· *Thayer* v. *City*

*of Boston*, 19 Pick. 513; Angell & Ames on Cor. 250; May Term, *Mayor* v. *Cunliff*, 2 Comstock, 165; *McSpedon* v. *Stout*, 1861. 4 Abbott Pr. R. 22; *Peterson* v. *Mayor of New York*, FRAME N. Y. Com. P.; *Brady* v. *Mayor*, 7 Abbott Pr. R. 232; v. *People ex rel.* v. *Flagg*, 5 Abbott Pr. R. 237; Smith on BELL. Const. Con. 791; *Kyle* v. *Malin*, 8 Ind. 34; *Hodges* v. *City of Buffalo*, 2 Denio, 110. In *Swift* v. *The City of Williamsburgh*, 24 Barbour, 407, the identical question which arises in this case was considered; and the Court held that it was the duty of the contractor to examine the records in the office of the city clerk, and ascertain whether a petition had been presented. For *Indiana* decisions, see Perk. Dig. 316.

This case is a hard one. The appellant, relying upon the integrity and intelligence of the city council in the discharge of its duties, has entered into a contract which that council, as the agent of the city, had no power, as the plaintiff was legally bound to know, to make or receive. The consequence is, that no one, unless the members of the council personally, is liable upon the contract. See Angell & Ames on Cor. 250, *et seq.* The members of the council are personally liable, if the agent of an individual would be under the circumstances.

*Per Curiam.*—The judgment below must be affirmed, with costs.

*Thomas D. Walpole* and *R. L. Walpole*, for the appellant. *B. K. Elliott*, for the appellee.