Board of Commissioners of Montgomery County v. Fullen *et al.*

Filed June 30, 1887.

———————◆———————

| | |
|---|---|
| 111 | 410 |
| 111 | 308 |
| 112 | 365 |
| 114 | 177 |
| 114 | 203 |
| 115 | 226 |
| 115 | 330 |
| 118 | 121 |
| 121 | 448 |
| 111 | 410 |
| 124 | 298 |
| 124 | 471 |
| 125 | 555 |
| 127 | 505 |
| 111 | 410 |
| 128 | 239 |
| 111 | 410 |
| 130 | 518 |
| 111 | 410 |
| 132 | 29 |
| 111 | 410 |
| 137 | 360 |
| 137 | 385 |
| 111 | 410 |
| 143 | 512 |
| 111 | 410 |
| 146 | 167 |
| 147 | 508 |
| 111 | 410 |
| 148 | 473 |
| 152 | 324 |
| 152 | 325 |
| 111 | 410 |
| 153 | 256 |
| 111 | 410 |
| d156 | 663 |
| 111 | 410 |
| 159 | 270 |
| 111 | 410 |
| 170 | 617 |

## No. 13,187.

## BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY v. FULLEN ET AL.

GRAVEL ROAD.—*Act of 1885 did not Repeal Former Acts.*—The act of April 8, 1885, concerning gravel and macadamized roads, did not repeal the former acts covering that subject, hence, assessments and proceedings under the act of 1877, and the authority thereby conferred upon the board of county commissioners, are not affected by the later statute.

SAME.—*Cost to be Borne by Land Benefited.*—*Legislative Intention.*—It was the intention of the Legislature in the enactment of the gravel road laws to make the land benefited by improvements thereunder bear the whole expense of such improvements.

SAME.—*Additional Assessment.*—*Power of County Commissioners to Make.*—The board of commissioners has authority to levy an additional assessment, not exceeding the special benefits conferred upon the land, to pay the cost of the improvement, in case the original assessment proves insufficient, and it may do so of its own motion, without a petition.

SAME.—*Matter of Additional Amount to be Referred to Viewers.*—*Notice.*—The board of commissioners can not itself determine the additional amount to be assessed against the land-owners, but notice must be given and the matter referred to the viewers, as in the first instance.

SAME.—*Agency.*—*Respondeat Superior.*—In directing the construction of free gravel roads and levying assessments the board of commissioners is not the agent of the county, and the maxim *respondeat superior* can not apply in any form.

SAME.—*Cost of Improvement.*—*Liability of County.*—The fact that a free gravel road when constructed becomes public, does not make the county liable for the cost of the improvement beyond the original estimate.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries, B. Crane, J. H. Burford, A. B. Anderson, W. H. Thompson, J. West, S. O. Bayless, W. H. Russell, J. V. Kent* and *J. W. Merritt,* for appellant.

*P. S. Kennedy, S. C. Kennedy, J. Wright* and *J. M. Seller,* for appellees.

ELLIOTT, J.—In the case of *Robinson* v. *Rippey, ante,* p. 112, we held, after a very full examination of the question, that the act of April 8th, 1885, entitled "An act concerning gravel and macadamized roads," did not repeal the former acts covering that subject, and that decision disposes of one of the important questions in this case. As the act of 1877 was not repealed, assessments and proceedings under it are not affected by the later statute, and the authority conferred upon the board of commissioners by the act of 1877 still exists.

The questions in this case not disposed of by the decision in *Robinson* v. *Rippey, supra,* are these:

*First.* Has the board of commissioners authority to make an additional assessment to pay the cost of the improvement, in case the original assessment proves insufficient?

*Second.* Can the board of commissioners, of its own motion and without a petition, direct the levying of an additional assessment?

*Third.* Can the board itself determine the additional amount to be assessed against the land-owners respectively, or must it refer the matter to the viewers, as in the first instance, to determine and report the amount to be assessed as benefits?

Of these questions in their order: First. The purpose of the Legislature in the enactment of our gravel road laws is very plainly apparent, for it appears everywhere throughout the statutes, in their express provisions, in their general scope and in the character of the machinery provided for carrying the law into effect. It is impossible to mistake the purpose of the Legislature, for nothing can be clearer than that it was the intention to make the land benefited by the

improvement bear the expense. It was not intended that. the expense should be paid out of the county treasury in any event, but that it should in all cases be paid by those who received a special benefit. This intention it is the duty of the courts to carry into effect, if it can be done without doing violence to the language employed by the Legislature.

It is a familiar rule that the grant of a principal power carries by necessary implication all incidental powers essential to the effectual exercise of the principal power. In this case the principal power granted is to improve highways at the cost of adjacent land-owners, and all incidental powers necessary to the exercise of this principal power are vested in the tribunal to which it is granted. If all the expense must be paid by the property benefited, and the board of commissioners is clothed with the power to compel the property to bear that burden, then it must possess the means of effectively exercising that power. It would be idle to declare that the board has power to compel the property to pay the cost of improving the highway and yet deny it the means of effectively exercising that power. Once it is granted that the law charges the entire expense of improving the highway upon those specially benefited, it must follow that it possesses the incidental power to put and continue in motion the machinery by means of which the power is executed.

It is important to keep constantly in mind that the law requires that the entire cost shall be collected from the property-owners, for it was not intended that in any event, or upon any possible contingency, should the cost be paid out of the county treasury. As the clear intention of the Legislature was that the whole expense of the improvement should be paid by the property benefited, it must follow that the power to carry into effect the intention of the Legislature is a continuing one, and that it is not exhausted by its exercise in the first instance. There are many cases in which a power will be deemed a continuing one without any express declaration to that effect. *Macy* v. *City of Indianapolis,* 17

Ind. 267; *Welch* v. *Bowen,* 103 Ind. 252; *Goszler* v. *Corporation of Georgetown,* 6 Wheat. 593.

It seems to us that the power of the commissioners to assess the entire cost of the improvement upon the property must be deemed a continuing one, since, if it be held otherwise, there are cases in which the leading and manifest purpose of the Legislature can not be carried into effect. If it be true, as surely it is, that the purpose was to make the property bear the whole expense, then it must also be true, that there is a power lodged somewhere to execute this purpose. The one proposition necessarily leads to the establishment of the other. Again, if it be true that there is a power to carry the clearly manifested legislative purpose into execution, then it must also be true that the power to make an additional assessment exists in all cases where it is necessary to effectually execute the purpose.

The construction of a free turnpike or gravel road is not, in a strict legal sense, a county matter, for the commissioners do not levy assessments by virtue of their position as the official representatives of the county, but by virtue of an express statute specially conferring that power upon them. They are not, at least so far as the property-owners are concerned, acting as the agents of the county while exercising the powers conferred by the statute, and it is legally impossible to conceive any valid reason why the county should sustain any loss because of their errors, negligence or wrongs. If they are not the agents of the county, then loss ought not in any event to fall upon the county, and the only way in which to prevent this is to hold that an additional assessment may be made when the first proves insufficient. The position occupied by the board of commissioners is very similar to that occupied by the common council of a municipal corporation in levying assessments for street improvements, and it is settled that in such cases there is no liability on the part of the corporation for the errors or negligence of its officers, but that the property is alone liable for the

cost of the improvement. *City of New Albany* v. *Sweeney*, 13 Ind. 245; *Johnson* v. *Common Council, etc.*, 16 Ind. 227; *City of Greencastle* v. *Allen*, 43 Ind. 347; *Wren* v. *City of Indianapolis*, 96 Ind. 206, 216.

The principle asserted in the cases cited applies here, for they proceed on the theory that in making the assessments the common council is not acting as the agent of the city.

In the case before us the commissioners must have authority to make an additional assessment or part of the expense of improving the highway must fall upon the county, for bonds were issued under the provisions of section 5097 of the statutes, and these bonds impose an obligation upon the county which at least requires the commissioners to make an additional assessment to pay them. It is very clear that it was not intended that the bonds issued by the commissioners should be the general debt of the county, but that they should be paid out of the assessments levied upon the property benefited by the improvement. The assessment constitutes a specific fund out of which the bonds must be paid, for there is no authority to charge them upon any other fund, nor to make them a general charge upon the county. If the first assessment does not yield enough to do the work and pay the bonds, then the commissioners must have authority to levy an additional assessment, or the loss will fall upon the county, and this is the very thing the Legislature intended to prevent. Either there must exist authority to levy an additional assessment or there must be a contingency in which the expense will be paid out of the county treasury; but there can be no such contingency, and, therefore, there must be authority to levy an additional assessment.

It is obvious that contingencies may arise in which the actual cost of the improvement will be greater than the estimated cost and greater than the assessment, and it must be presumed that the Legislature was not unmindful of this fact when it enacted the statute. If it is to be presumed that the Legislature did have this fact in mind, then, as it has com-

manded that the expense shall be borne by the property benefited, it must be held that it was the intention to invest the board of commissioners with authority to make an additional assessment in case of necessity. It is apparent that there are many cases in which, from causes which ordinary human foresight and prudence can not provide against, one of three courses must be pursued by the board of commissioners: one of these is to pay the additional expense out of the county treasury; another is to abandon the improvement, lose all that may have been done, and break the contract; the other is to levy an additional assessment. The first of these methods can not be pursued, because the law forbids it; the second can not be adopted, because it would be unjust, as it would leave many of those, if not all, who had paid, or were liable to pay assessments, without substantial benefit; but the third course may be pursued, because it is productive of just results, and carries into effect the purpose of the statute.

The principle which we assert here has been recognized in other cases. In the cases of *Gavin* v. *Board, etc.*, 81 Ind. 480, *Board, etc.*, v. *State, ex rel.*, 86 Ind. 8, and *Miles* v. *Ray,* 100 Ind. 166, it was decided that the board of commissioners has power to levy an additional tax to pay an appropriation in aid of a railroad company where the original levy proves insufficient. These cases are based upon the same theory as that on which we are proceeding in this, although they carry the principle which they assert much further than we are required to do here. The Supreme Court of Illinois has asserted a like principle in drainage cases. *Commissioners, etc.*, v. *Kelsey,* 11 N. E. Rep. 256.

In the able brief of appellees' counsel we are referred to the provision of the statute that "no bid shall be accepted which exceeds the estimated cost" (R. S. 1881, section 5095), and we are asked to decide that this provision restricts the power to go beyond the cost estimated by the engineer. We have no doubt that this provision does prohibit the commis-

sioners from entering into a contract in cases where the known cost exceeds that estimated, and all the facts are known to the commissioners; but we can not believe that this provision prohibits the levying of an additional assessment where the cost has been increased by some unforeseen cause. While we think that this provision would give the property-owners a right to prevent the board of commissioners from making and enforcing a contract, agreeing to pay more than the estimated cost, if proper and seasonable steps were taken, still, we do not think that it applies to a case where no objection is made, and the cost is increased by subsequent occurrences or causes not anticipated or foreseen. It may often happen, as we have already suggested, that, despite all the care that can be exercised, the estimate will not be large enough to cover all the cost, and that subsequent occurrences which could not be anticipated will augment the cost; and our opinion is that the provision under immediate mention does not apply to such cases, but is only applicable to cases where the facts are all known to the board of commissioners.

It is no doubt true, as counsel contend, " that the Legislature contemplated that the whole cost of constructing a road should be ascertained before proceeding to construct it," but we can not from this conclude that a mistake, or even a breach of duty, on the part of the commissioners would fasten a liability on the county. The conclusion that the county is liable can not be reached without supplying another premise, namely, that the commissioners are the agents of the county, and this premise can not be supplied, because, in directing the construction of free gravel roads and levying assessments, the commissioners are not the agents of the county. The county is not their principal, and the maxim respondeat superior can not apply in any phase or form. It may, therefore, be fully conceded that it is the duty of the commissioners to ascertain the cost in advance without leading to the conclusion that if they fail in this duty the county must bear the loss. But the duty of the commissioners to

see to it that no part of the cost is put upon the county is clearer and more important by far than the duty to ascertain the cost in advance, and it is the duty of persons specially benefited to see that no steps are taken which will put any part of the expense upon the county. If the contingency which augments the expense is one which could be foreseen, the property-owners ought, in justice to the county, to suggest it; and if it is not, they, who are specially benefited, are hardly in a situation to complain that others did not foresee what they themselves were unable to perceive. If it be true that the commissioners are knowingly and wilfully about to let a contract, agreeing to pay more than the estimated cost, the property-owners who are specially interested ought to take seasonable steps to prevent it, and not lay by and see the expense incurred and then escape the burden.

It is provided by the statute that "The county auditor, before placing the said assessment upon the duplicate, shall reduce or add to the same, *pro rata*, the amount the actual expense shall be found to be, more or less than the estimate." R. S. 1881, section 5096. Proceeding on this provision, counsel argue that there is an implied prohibition upon an additional assessment; but we regard this argument as unsound, for the reason that the provision quoted refers to matters known before the assessment goes upon the duplicate, and because it does not apply to future occurrences augmenting the expense of the improvement. It is simply a direction to pursue a designated course respecting the original assessment, and does not refer to an additional assessment made necessary by facts or occurrences not known when the auditor undertakes to place the assessment on the duplicate.

We are also referred to the provision that "all the lands liable to assessment, under the provisions of this act, for the construction of such road, shall be held responsible to the county, to protect the county against all loss or liability arising from any judicial proceeding affecting the assessments for

benefits, and also all costs and expenses that may arise in any litigation; and reassessments may be made to discharge the same" (R. S. 1881, section 5102); and we are told that this provision by implication forbids a reassessment for any other purpose. We entertain a very different opinion. We regard this provision as a full recognition of the right to make an additional assessment for the purpose of paying the cost of constructing the road, for it implies that this right exists, and adds a new element of expense, namely, that arising from judicial proceedings and litigation. The provision adds to the element of expense the items designated, and for that purpose such a provision was necessary; because, without it, the expense of litigation could not be considered a part of the cost of constructing the road. The provision quoted adds to the powers of the board of commissioners, but does not subtract from them. It tacitly, at least, recognizes the power to make an additional assessment for the direct expense of constructing the road, and by no means excludes the implication that such a power exists. That such a power does exist the whole scope and spirit of the law plainly indicates, and the special provision quoted adds strength to the conclusion that the board does possess this power. The intention of the provision was to add another element to the expense, and not to abridge any power expressly granted or conferred by necessary implication. As we said in *Gavin* v. *Board, etc.*, 104 Ind. 201, this provision indicates that "The statute is careful to protect the county interests and to guard against the use of the general funds of the county to pay any part of the expenses incident to the construction of a free gravel road." It will be observed that the provision is not limited to the mere costs or expenses of litigation, for it declares that the lands "shall be held responsible to the county, to protect the county against all loss or liability arising from any judicial proceeding affecting the assessments." This is a very broad provision, and includes far more than the costs of litigation, and these are expressly

named, and provision is explicitly made for reassessing the property to pay them. There are, therefore, two distinct causes for which a reassessment may be made, even if we confine the power to the single provision of the statute. If damages are assessed in a judicial proceeding for the taking of land or other property, or for injury to it, it would seem to be fully within the provision. We need not, however, at present decide what items of expense or cost an additional assessment may be made to pay, as it is sufficient now to decide that there are many of the items named in the order of the commissioners appealed from for which such an assessment may be levied.

We come now to the second question. It is our opinion that, as a petition had once been filed and as the matter was fully and peculiarly within the knowledge of the commissioners, they had a right to order an additional assessment, on their own motion.

The third question must be answered in favor of the appellees. The board of commissioners can not itself make the assessment, but notice must be given and the matter referred to the viewers or committee. *Gavin v. Board, etc., supra*. The board erred in making the additional assessment without giving notice and referring the matter as the law provides. For this reason the trial court did not err in holding the order appealed from to be erroneous. In so far as the board undertook to levy the assessment without notice and without the intervention of the viewers, it erred, and its order was rightly declared not effective. It may be that the proper course would have been to remand the case for further proceedings, rather than to order a dismissal, but as no question as to the character or form of the judgment was made, we shall not enter upon that subject.

Judgment affirmed.

Filed May 27, 1887.

Board of Commissioners of Montgomery County *v.* Fullen *et al.*

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—It is contended in the argument on the petition for a rehearing, that a gravel road when constructed becomes a county road, and, therefore, that it must be paid for by the county.   But this argument. will not bear investigation.   All works in which the assistance of the right of eminent domain or the power of taxation is invoked are in their nature public, since these great attributes of sovereignty can be invoked only where the work is a public one. There may be public works and yet the public or governmental corporation not be required to pay the cost of making them.   This is so in the case of streets, highways and sewers; but, although these things all belong to the public when completed, yet the cost of constructing them may be obtained by local assessments on the property benefited. *Heick* v. *Voight,* 110 Ind. 279, 284.   The law upon this subject is now too firmly settled to be disturbed.   It is evident, therefore, that the conclusion of counsel does not follow from their premises.

We did not decide, nor do we mean to decide, that payment can be exacted beyond the special benefits conferred upon the land.   But we do hold, that to the extent of those benefits assessments may be made, and that making one assessment does not exhaust the power of the board.   We base our conclusion upon the obvious purpose of the statute, to compel the lands specially benefited to bear the burden, and not to suffer it to be borne by the county.   There can, as we think, and as we have several times decided, be no doubt that the Legislature meant that the cost of constructing free gravel roads should be paid by the property specially benefited.   If this is the intention of the Legislature, then it ought not to be rendered nugatory by holding that no machinery is provided for laying and collecting a second assessment; especially should this result be avoided where, as here, the express language of the statute fairly indicates what the machinery

Board of Commissioners of Montgomery County *v.* Fullen *et al.*

is. Nor is it in any sense judicial legislation to affirm that the Legislature intended that the proceedings in levying a second assessment should be substantially the same as those provided for the original. If courts can discover the legislative intention they must give it effect, and in their exploration they must bear in mind the fixed principle that where a principal power is conferred all necessary incidental powers are implied. We did no more in our former opinion than give effect to this settled principle.

It is not unknown to us, nor can it be to counsel, that the leading purpose of all our legislation upon the subject of free gravel roads is to compel the land benefited to pay the cost of constructing them. It is everywhere apparent that it was the intention that the property benefited should pay the expense, and that the county should not. With this knowledge so prominently and so plainly before us we can not adopt a line of decision which will utterly overthrow this great purpose. We must assert, as we have done, that this purpose can legally be effected, or we must hold that the Legislature has done a vain thing.

It was not necessary for us to discuss or decide specific questions which may possibly arise in the course of litigation respecting the power to levy a second assessment; all that it was necessary for us to decide was that such a power existed, and that the mode of its exercise is substantially the same as that provided for the original assessment. Beyond this our opinion does not go, nor does it assume to go further. It is possible that contingencies may arise in which the county can not escape some loss, but we need not now decide anything upon that subject; it is enough for the present to affirm that there is a general power to make and enforce, in the proper case, a second assessment.

Petition overruled, at costs of the appellees.

Filed Oct. 18, 1887.