Filed June 24, 1890.

———————◆———————

No. 14,350.

ABBETT v. THE BOARD OF COMMISSIONERS OF SWITZERLAND COUNTY.

TAX SALE.—*Foreclosure of Tax Lien.*—*Costs.*—*Liability of County.*—Where an action is brought in the name of the State, on the relation of the prosecuting attorney, to foreclose the lien of the State for taxes (Elliott's Supp., section 2147), and a sum sufficient is not realized from the sale of the real estate to pay the costs due the officers of the court in conse-

quence of the proceeding, the county in which the land is listed is not liable in its corporate capacity for the balance of such costs.

From the Switzerland Circuit Court.

*W. R. Johnston* and *F. M. Griffith,* for appellant.

*G. S. Pleasants,* for appellee.

BERKSHIRE, C. J.—The record presents for our consideration but a single question.

In an action brought in the name of the State, on the relation of the prosecuting attorney, to foreclose the lien of the State for taxes, as provided in section 1, p. 123, Acts of 1883 (Elliott's Supp., section 2147), in cases where a sum sufficient is not realized from the sale of the real estate to pay the costs due to the officers of the court in consequence of the proceeding, is the county wherein the land is listed liable in its corporate capacity for the balance of such costs?

In our opinion there is no such liability.

We can imagine no good reason for holding that the county is responsible for such costs. The action is brought in the name of the State, on the relation of the prosecuting attorney, who is a State officer. Nor can it be successfully maintained that the action is for the benefit of the county in its corporate capacity. The action is for the benefit of the public; not alone of the county, but of the entire State. All taxation, whether for State or county purposes, is for the support of the State government; but if this were not so, there is included in every delinquency taxes which belong in the State treasury as well as in the treasury of the county.

The lien which is foreclosed is held by the State, and not by the county; the county can not, though it might so desire, bring an action to foreclose a tax lien. It can not control the institution of the action, nor can it cause its discontinuance.

It is made the duty of the county auditor to furnish the proper list of delinquencies to the prosecuting attorney, and

it then becomes his duty in all proper cases to bring and prosecute the action.

It would hardly be contended, if the law provided that the action should be brought in the name of the State without a relator, that the county would be liable for costs, and yet we think the contention would be equally plausible with the one made, with the law as it is. The relation of the county to the action would be the same in the one case as it is in the other.

We find no error in the record.

Judgment affirmed, with costs.

Filed June 24, 1890.