## GOODWIN ET AL. *v.* THE BOARD OF COMMISSIONERS OF WARREN COUNTY.

[No. 18,080.   Filed October 23, 1896.]

FREE GRAVEL ROADS.—*Proceedings for Additional Assessment.— County a Proper Party Plaintiff.*—The county has such interests in the proceedings under sections 6860, *et seq.*, Burns' R. S. 1894, for the reassessment of lands benefited by and for the cost of constructing a free gravel road in excess of the estimated cost, as will entitle the board of county commissioners 'to be made a party plaintiff, although the county cannot ultimately be required to bear any part of the cost of such road.

SAME.—*Construction Of.—Reassessment by County Commissioners.*— The board of commissioners of a county has the power to cause a reassessment against the lands benefited, to cover such additional cost of construction as may be found to exceed the original estimate.

SAME.—*Additional Assessment of Benefits.—Defenses.*—In proceedings for a reassessment to cover additional costs of construction of a free gravel road there is no question open except the validity and amount of the additional assessment.

SAME.— *Construction Not in Compliance with Contract.— Remedy.*— If a free gravel road when completed is not up to the standard contracted for, the remedy is upon the contractor's bond.

From the Warren Circuit Court. *Affirmed.*

*W. P. Rhodes*, for appellants.

*C. V. McAdams*, for appellee.

HACKNEY, J.—This proceeding originated before the board of commissioners of Warren county, and involved questions relating to the reassessment, under section 6860, *et seq.*, Burns' R. S. 1894, of lands benefited by and for the cost of the construction of a free gravel road.

In 1892, in proceedings, the validity of which is not only unquestioned, but is expressly affirmed by the

appellants, the appellee ordered the construction of a free gravel road, the estimated benefits of which were stated at $29,780.00, and the estimated cost of which was stated at $17,602.58. To meet the cost of constructing said road, the bonds of the county were executed and sold in the sum of $19,000.00 and interest. After the completion of the road, and in 1894, it was ascertained that the cost of said road was $6,928.10 in excess of said estimated cost. In December, 1894, the appellee, having discovered that the original committee appointed to assess the benefits to the lands affected and to apportion the cost of construction, had failed to make such assessment of the benefits, appointed a committee to make such assessment of benefits and apportion the same in proportion as the several tracts affected were benefited, and to apportion against the several tracts of real estate, in proportion to such benefits, the said sum of $6,928.10, so that the sums originally apportioned to the several tracts and the sums added would not exceed the benefits to the tracts severally. The committee so appointed filed its report in compliance with the order of the board so appointing, and the board caused notice to be given to the land-owners of the filing of such report and assessment. The appellants appeared before the board in response to said notice and filed exceptions to the report of the committee. The first exception recites the original proceeding, the report of the committee failing to assess benefits to the lands of the several appellants, the issuing of the bonds, the contract for the work and its completion. It further recited the action resulting in the report of the last appointed committee. It is alleged, also, "that said sum of $17,602.58 was duly assessed against the lands along the line of said road and liable to pay the expense of constructing said road." But "they object and except

to such assessment of benefits, and also to the assessment made against their lands by the report of said committee for the reason that said board had no right or power to appoint said committee, nor had said committee any power or authority to assess the benefits to their lands nor to apportion or assess any part of said $6,928.10 or any sum against their said lands."

The second exception is upon the ground that the road is not properly constructed and is of no benefit to their lands, although they express their willingness to pay all of the $17,602.58 charged against their lands.

The third exception states the conclusion that the appointment, action and report of the last committee were *res adjudicatae* and void.

The board overruled these exceptions and the exceptors appealed.

In the circuit court the case was entitled *John T. Nixon et al.* v. *Abner Goodwin et al.,* the former being the petitioners for the road and of the latter some were petitioners and others were not, but all were exceptors. Pending said appeal, the board of commissioners of Warren county, appellee herein, appeared and, on motion, was admitted as a party plaintiff, and the cause was re-docketed in the name of said board as plaintiff and these appellants as defendants. The court sustained appellee's motion to strike out said exceptions, and sustained also its motion to dismiss the appeal.

It does not affirmatively appear that the petitioners were, as parties, excluded from the case, and, while we have no doubt of the proposition urged by appellants' learned counsel, that the county could not ultimately be required to bear the cost, or any part of the cost, of the road, yet the interests of these appellants could not suffer by admitting the board. It has been

repeatedly affirmed that the board is the agency through which the lands benefited by a free gravel road are made to bear their proportion of the cost of constructing the road.   In addition to this, the very fact that the county should not incur a liability which the lands do not discharge suggests the duty of the board to protect the interests of the county.   The proceeding was essentially one to reimburse the county and to save it in the expenditures which were found to exceed the estimated cost.   Though possibly not a necessary party, we have no doubt it had such nominal interests as entitled it to be made a party.

The case of *Jamieson* v. *Board, etc.*, 56 Ind. 466, for the establishment of a highway, and the case of *Murphy* v. *Board, etc.*, 73 Ind. 483, an application for a license to sell liquors, both held that on appeal, the board was not a proper party.   In either case the board was as a court, and without interest in the controversy.   Here the board simply calls into action the authority created by law, the committee, whose duty it is to make the reassessment for the protection and reimbursement of the county.

By the letter and the form of the exceptions, and by express declaration of counsel for the appellants, in his brief, no question is made touching the legality of any of the proceedings prior to the attempted reassessment.   It is conceded that this court has held, under the statute, *supra*, that power exists in the board to cause a reassessment, against the lands benefited, to cover such additional cost of construction as might be found to exceed the original estimate.   This concession is supported by the following cases.   *Board, etc.*, v. *Fullen*, 111 Ind. 410;   *Gavin* v. *Board, etc.*, 104 Ind. 201;   *Board, etc.*, v. *Fahlor*, 114 Ind. 176;   *Tucker, Treas.*, v. *Sellers*, 130 Ind. 514;   *Manor* v. *Board*,

*etc.*, 137 Ind. 367; *Quill* v. *City of Indianapolis*, 124 Ind. 292, 7 L. R. A. 681; *Abbett* v. *Board, etc.*, 124 Ind. 467.

It is insisted, however, that this holding is erroneous, because under it the amount of the lien upon the lands affected cannot be known and the right to convey and mortgage is impaired. The holding is well settled and, in our opinion, is sound. The assessments are justified upon the theory that the property is benefited; the county board is but the public agency through which the rights of the parties are secured and the corresponding burdens are enforced, and the statute in every provision plainly protects the county from the burdens of the improvement. If an error or oversight has caused the cost of the improvement to be underestimated, there is no reason for holding that the contractor or the county should bear the burden of the excess, when the entire cost is only beneficial to the landowners. The proper cost justly measures the benefits to and the liability of the landowners, and no reason exists for a claim that they should not, when it is properly ascertained, contribute severally the proportion of such cost as the same is measured by the benefits found. This liability is known, though its exact limits are not ascertained, from the first assessment, and it is presumed, as to mortgagees or grantees, that they receive in added improvement a value equal to the added burden, and they are not wronged. With the concession that only the reassessment is in question, and the power to make it having been established, it remains to inquire whether it was properly made, so far as the exceptions filed were concerned.

That the matter of the assessments of benefits is finally adjudicated by the first assessment is a contradiction of all of the cases we have cited and of the statute, which authorizes a reassessment when the

first assessment has proven insufficient. Nor does the power to reassess deprive the landowner of the constitutional right to be heard, since the practice requires that he be notified of the assessment, and that he be permitted to file exceptions and be heard upon them. This implies, however, that such hearing shall be upon some question involved in the action proposed by the assessing power.

As said in *Tucker, Treas.,* v. *Sellers, supra,* "There was no question open, except the validity and amount of the additional assessment." Under the exceptions filed neither of these questions was made. The reassessment proceedings could involve no question not pertinent if made against the original assessment, and that assessment is made before the construction of the road. Therefore, no question as to the manner in which the road is constructed is competent. If the road, when completed, is not up to the standard contracted for, the remedy is upon the contractor's bond, and it is not in denying the right of the county to be reimbursed for the expended cost of construction.

It is apparent that no question made by the exceptions was admissible, and that the circuit court did not err in striking out those filed and, for the want of proper exceptions, in dismissing the appeal.

The judgment is affirmed.