THE CITY OF NEW ALBANY v. CONGER.

[No. 2,127.    Filed October 6, 1897.]

PLEADING.— *Amended Pleadings.—Record.*—An amended pleading supersedes the original pleading, and the original pleading is no part of the record on appeal.  *p. 233.*

STREET IMPROVEMENT.—*Culverts.—City Not Liable for Construction Of.—Statute Construed.*—By the provisions of section 3625, Burns' R. S. 1894, the owners of lots bordering on the street or alley to be improved are liable for the payment of street improvements so made, except the crossings of streets and alleys, and the city is not liable to the contractor for the improvement of a street for the construction of a culvert in the street so improved, notwithstanding the city engineer reported to the council the building of the culvert as "city extra," and the council made part payment thereon from the funds of the city.  *pp. 234–238.*

From the Floyd Circuit Court.    *Reversed.*

*George H. Hester*, for appellant.

*Kelso & Kelso*, for appellee.

WILEY, C. J.—Appellee sued appellant upon a contract for performing certain public work under and by virtue of an ordinance passed and adopted by the appellant's common council.   The substantial and material provisions of the contract are as follows: That appellee agreed to grade, curb, pave, gutter, pave centers and macadamize, pave sidewalks and masonry of a certain street in said city.   Said contract contained the following provisions: "Said city promises and agrees to pay said Conger for doing said work and improvement the several sums as mentioned in his written proposal, which is marked exhibit 'A' annexed hereto and made a part hereof.   Said city also promises and agrees to cause estimates of said improve-

ment to be made from time to time as the work on the same progresses, and to use all her power under the general laws for the incorporation of cities to enforce the collection of assessments made on said estimates. Said Conger furnishing to city the name and owner and description of his or her property bordering on said improvement, and he, said Conger, being responsible for all mistakes therein. Said city to be liable only for so much of said improvement as is embraced in intersections and for public grounds bordering thereon."

The complaint avers that the ordinance under which the improvement was ordered did not provide for the construction of necessary culverts which were intersected by natural water courses; that after the passage of the ordinance the city engineer reported to the common council that if said street was improved according to said general plan for street improvements it would be necessary, where said street intersected a certain natural water course, to build a culvert, and that the city council thereupon passed an order directing such culvert to be built, and directed the engineer to prepare plans, which were approved by the council and placed on file in the proper office.

The complaint further alleges that appellee's written proposal was for the masonry work of said street, including said culvert. The averment of the complaint in regard to the construction of the culvert is as follows: "That this plaintiff built said culvert at said intersection, and in its construction, the same required necessarily 252 perch and 17.3 feet rubble masonry; that the total cost of said masonry, per the terms of said contract, was $2,526.92; that said defendant paid plaintiff on account of said described work the sum of $1,660.00, leaving a balance due * * * of $766.92."

The complaint avers that the appellee fully per-

formed all the terms and conditions of said contract on his part. The amended complaint was in two paragraphs, and the above references to the complaint are to the first paragraph. The second paragraph of the complaint counts upon the same contract and seeks a recovery upon the identical work, but contains additional averments as follows: "That by the said contract defendant promised to cause assessments of said work and improving said street to be made from time to time as the same progressed, the cost thereof to be assessed against and collected from the lots bordering on said improvement, and their several owners; plaintiff avers that said defendant did cause five partial estimates and one final estimate of the cost of said improvement, and that in each of said estimates made by defendant's engineer and reported and adopted by said common council, the cost of said sewer was estimated as 'city extra,' and was charged against the said city, and was not charged and assessed by defendant against said lots or their owners; that defendant paid plaintiff $1,660.00 on account of said sewer, leaving a balance due him on account thereof in the sum of $766.92, which said sum defendant refused to, and never did, assess or treat in any manner as a charge against the said lots bordering on said improvement, but which, by its approval of said partial estimates and payment thereof, treated as 'city extra' work to be paid for out of the defendant's treasury."

The record shows that the appellant demurred separately to the first and second paragraphs of the amended complaint, and that the demurrer was overruled. Appellant answered in four paragraphs, one of which was a counterclaim. In this paragraph it is averred that the appellee unlawfully presented to the mayor and common council of the city, a claim for part of the cost of said improvement, and that said city

The City of New Albany *v.* Conger.

wrongfully and illegally paid thereon the sum of $1,660.00, which sum the appellee has since withheld from said city without right, and asks that the same may be recovered back.

To this counterclaim appellee demurred, and the court sustained it. The rulings on the demurrer to the complaint and the counterclaim are severally assigned as error.

The appellee contends that it does not appear from the record that the demurrer to the first and second paragraphs of complaint was ever passed upon by the trial court, and hence no question is presented for decision by the first and second assignments of error. To determine this question we must look to the record. October 12, 1891, appellee filed his amended complaint. October 13, 1891, appellant filed its demurrer to the amended complaint. January 29, 1892, appellee filed his second paragraph of complaint. March 17, 1892, appellant filed its demurrer to the first and second paragraphs of amended complaint. March 26, 1892, the record contains the following entry: "Come the parties, by their attorneys, and the demurrer to the complaint is now overruled, to which ruling the defendant excepts."

It is a rule of practice too familiar to require citation of authorities to support it, that an amended pleading supersedes and takes the place of all former pleadings of a like character, and such former pleadings go out of the record. So far as the record shows, the demurrer filed to the amended complaint, October 17, 1891, was never passed upon by the court.. When appellee filed his second paragraph of complaint, we think it was an amendment to the complaint, or, in other words, it was a second paragraph of amended complaint. Thereupon the appellant addressed its demurrer to the first and second paragraphs of the

amended complaint, and this was equivalent to a withdrawal of the demurrer filed to the amended complaint of October 17, 1891.

The record further shows that on September 21, 1891, appellant demurred to the original complaint, which the court sustained. Counsel for appellee, in their brief, say: "Not one word can be found in the record about overruling a demurrer to the first and second paragraphs of complaint or to the overruling of a demurrer of any kind to the amended complaint." This criticism of the record is, indeed, highly technical, and it seems to us without merit.

On March 26, 1892, when the court overruled the demurrer to the complaint, there was but one demurrer pending, and that was to the first and second paragraphs of the amended complaint, and at that time there was but one complaint before the court, and that was the complaint to which the demurrer was addressed. True, the record recites that "The demurrer to the complaint is now overruled." But it would be entirely too technical for us to hold that, perchance, on account of the clerical error in the record, the demurrer upon which the court pronounced its judgment was not the demurrer to the first and second paragraphs of complaint. It is evident it was so regarded at the time by the court and the parties. We must hold, therefore, that the sufficiency of the complaint is properly presented by the record to bring it in review here.

It is insisted by counsel for appellant that the facts stated in the complaint do not show any liability against the city. It seems to us that the question here presented is not difficult of solution. If there is any liability it must be by virtue of the general statute under which cities are incorporated, and the power vested in them by law. Among other powers which a

city has is the power to improve streets, sewers, culverts, etc. Section 3625, Burns' R. S. 1894 (3163, Horner's R. S. 1896), provides for the apportionment of the costs of such improvements, and therein it is provided that the costs "shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot; and the city shall be liable to the contractor for so much thereof only as is occupied by public grounds of the city bordering thereon, and the crossings of streets and alleys and the owners of the lots bordering on the street or alley or the part thereof to be improved shall be liable to the contractor for their proportion of the cost, in the ratio of the front lines of the lots owned by them to the whole improved line."

Under the contract upon which appellee bases his action, it is expressly provided that "said city shall be liable only for so much of said improvement as is embraced in the intersections and for public grounds bordering thereon." There is nó averment in the complaint that the claim sued upon is for that part of the improvement where streets and alleys intersect as public crossings or for public grounds of the city bordering on that part of the street improved.

Under the statute and contract, it is evident that the appellant is not liable, unless some averment of the complaint takes it out of the general rule and shows a liability upon some other basis.

Appellee contends, and so avers in the complaint, that the work for which he seeks recovery was reported to the city council by the engineer as "city extra," was accepted and approved by the common council, payment made thereon in the sum of $1,660.00, and upon these grounds the appellant is liable.

We cannot agree with this doctrine. The engineer had no right to report the work as "city extra" as a

special charge against the city, and the common council had no authority to accept it as such and make payment thereof.

If the culvert constructed by appellee was at the crossing or intersection of two public streets, there might be some reason in appellee's contention, but as to whether appellant would be liable under such circumstances we do not decide.

The appellant municipality could not be made liable for work performed and material furnished in the improvement of one of its public streets in any form or manner, except as provided by law, and the lines of its liability are clearly and distinctly marked by statute and by adjudicated cases in this State.

In our judgment the common council had no warrant in law to accept and approve the report of the engineer designating work for which appellee sued as "city extra," and such acceptance and approval was wrongful and could not in any manner create a liability against the city.

The common council of an incorporated city under the general law for the incorporation of cities, sustains, in a large measure, the same relations to the municipality which they represent that the commissioners of a county sustain to the county, or a township trustee sustains to his township. In each instance their duties are prescribed and their powers limited by statute, and beyond these they cannot go and bind their respective corporations. In the case of Board, etc., v. Fuller, 111 Ind. 410, it was held that the board of commissioners are not, at least so far as the property owners are concerned, acting as the agents of the county while exercising the powers conferred by statute. In that case, Elliott, J., speaking for the court, said: "And it is legally impossible to conceive any valid reason why the county should sus-

tain any loss because of their errors, negligence or wrongs. If they are not the agents of the county, then loss ought not in any event to fall upon the county. * * * The position occupied by the board of commissioners is very similar to that occupied by the common council of a municipal corporation in levying assessments for street improvements, and it is settled that in such cases there is no liability on the part of the corporation for the errors or negligence of its officers, but that the property alone is liable for the cost of the improvement."

In support of the proposition that cities are not liable for street improvements beyond the liability fixed by statute, we cite the following: *City of New Albany* v. *Sweeney,* 13 Ind. 245; *Johnson* v. *Common Council, etc.,* 16 Ind. 227; *City of Greencastle* v. *Allen,* 43 Ind. 347; *Wren* v. *City of Indianapolis,* 96 Ind. 206.

In the cases last cited, they proceed upon the theory that in making assessments for street improvements the common council is not acting as the agent of the city, and fully support the contention of appellant.

There are some later cases, however, upon this line which strengthens the proposition. The powers of the common council of a city being derived wholly from statute, it can only bind the municipality while legitimately exercising such power.

In *Board, etc.,* v. *Fertich, ante,* 1, this court, speaking by Black, J., very forcibly said: "Counties are involuntary political or civil divisions of the State created by general laws to aid in the administration of the State government. The powers of the board of county commissioners are limited, being created and defined by statute. For an act done by such board not within the scope of its statutory powers, the county is not liable. * * * The board cannot do any act which is not either expressly or impliedly authorized by statute.

* * * Where the mode of exercising the power by the board is prescribed by statute, that mode must be pursued. * * * All persons who deal with the board must recognize the limits of its powers, and are bound to take notice that it cannot bind the county by any action not within its statutory authority." See, also, *First National Bank* v. *Adams School Tp.*, 17 Ind. App. 375; *Board, etc.*, v. *Galloway*, 17 Ind. App. 689; *Bannister* v. *Adams School Tp.*, 17 Ind. App. 701; *Goodrich* v. *City of Waterville*, 88 Me. 39.

In the case under consideration, the statute expressly fixes the liability of the appellant, the contract sued upon recognizes its statutory liability and limits it thereto, and the authorities cited removes the question of its liability beyond the realm of doubt.

Where it becomes necessary to construct a culvert for the improvement of a public street in an incorporated city under the general laws of incorporation, such culvert is a part of the general improvement and must be paid for by assessments under the provisions of the statute.

A city is not liable, therefore, and cannot be made liable by the errors, negligence or wrongs of its officers. To hold otherwise would be to enlarge the plain provisions of the statute and by judicial determination confer upon the common council dangerous power and authority, which the legislative branch of the government has so wisely guarded against. It follows, therefore, that both paragraphs of the complaint are fatally defective.

This conclusion makes it unnecessary for us to pass upon the sufficiency of the appellant's counterclaim, and we decline to consider it, especially in the absence of any argument or authorities in support of it.

The judgment is reversed, with directions to the

court below to sustain the demurrer to the first and second paragraphs of the amended complaint, and for further proceedings not inconsistent with this opinion.