KLINE ET AL. *v.* THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY.

[No. 18,627.   Filed Oct. 27, 1898.   Rehearing denied March 17, 1899.]

HIGHWAYS.—*Construction of Free Gravel Roads.*—Under sections 5091, 5092 Horner 1897, the board of county commissioners is empowered to levy an additional assessment upon the lands benefited by the improvement of a public highway, when the original assessment proves to be insufficient.  *pp. 323, 324.*

HIGHWAYS.—*Free Gravel Roads.—Additional Assessment.*—The original order of the board of county commissioners in a proceeding for the construction of a free gravel road is not a final determination of the question of benefits accruing to adjacent landowners, and does not preclude the board from making a second assessment to meet a deficit in the cost of such improvement.　*p. 324.*

SAME.—*Free Gravel Roads.— Additional Assessment.—Statute of Limitations.*—Where the original assessment of benefits to adjacent lands was not sufficient to meet the entire cost of the improvement, and proceedings were instituted by the board of county commissioners for an additional assessment of such lands, the six-years statute of limitations has no application.　*p. 325.*

SAME.—*Free Gravel Roads.—Additional Assessment to Reimburse County.*—An additional assessment to meet the cost of constructing a free gravel road cannot be defeated by the fact that the cost of the improvement had been fully paid by the county, and that the purpose of the assessment was to reimburse the county.　*p. 325.*

APPEAL AND ERROR.—*Evidence not in Record.—New Trial.—Review.*—Where the reasons assigned in a motion for a new trial depend upon the evidence, and the evidence is not in the record, the ruling of the court will not be reviewed on appeal.　*p. 325.*

SAME.—*Special Finding.—Joint Assignment of Error.*—Where an exception is made jointly to two or more conclusions of law, the exception must fail if any one of the conclusions is correct.　*p. 326.*

From the Huntington Circuit Court.　*Affirmed.*

*B. M. Cobb,* for appellants.

*O. W. Whitelock* and *S. E. Cook,* for appellee.

JORDAN, J.—This was a proceeding by the board of commissioners of the county of Huntington to re-assess lands benefited by the construction of a free gravel road, known as "The Huntington and Zanesville Highway."

Proceedings to improve this road were instituted in 1881, under the act of 1877, sections 5091, 5092 R. S. 1881, sections 6855, 6856 Burns 1894, sections 5091, 5092 Horner 1897. It appears that the original assessment upon the lands benefited amounted to $9,000; and the board of commissioners, under the authority of the above statute, in order to raise money to meet the expenses of the improvement, issued and sold bonds to that amount. After collecting the

original assessment, and applying the money arising therefrom to the payment of these bonds and the interest thereon, it appears that said assessment proved to be inadequate to pay all of the expense incurred in the improvement of the highway. Appellants, upon notice, appeared before the board of commissioners, and remonstrated against the levying of an additional tax, and such proceedings were had before the board that viewers were appointed, and an additional assessment was made, and approved and confirmed by the board, from which order an appeal was taken to the circuit court. In the latter court appellants filed an amended remonstrance. By the first paragraph of their amended remonstrance they challenged the right of the board to make a re-assessment upon their lands to pay the deficit arising out of the construction of the road, and under the third paragraph they set up that the deficit, for the payment of which the re-assessment was proposed to be made, had been paid and satisfied by the county upon the order of the board of commissioners without the request or consent of appellants, and that this payment had been made by the county more than six years before the institution of this proceeding; wherefore it was prayed that the amount be adjudged barred under the six years statute of limitations. Each of these paragraphs of the remonstrance, on motion of appellee, was struck out, and rejected, and the first contention of counsel in this appeal is that in this ruling the trial court erred. Appellants, in discussing the question sought to be raised by the first paragraph of their remonstrance, contend that the original assessment under the order of the board of commissioners was a final settlement or determination upon the question of benefits accruing to their lands and that, therefore, the board was precluded from making a second assessment to meet the deficit in the cost of improvement; or in other words, it is insisted that under the original order of the board the question of an additional assessment is *res judicata.*

The power or right of the board of commissioners, under

the authority of the statute mentioned, to levy an additional assessment upon lands benefited by the improvement of a public road, when the original assessment proves to be insufficient, is no longer an open question, but is one which has been firmly settled by the decisions of this court, subject, however, to the right of any landowner to demand that in no case shall the assessments made upon his land, when considered in the aggregate, exceed the amount of the benefits to the land by reason of the improvement. *Board, etc.,* v. *Fullen,* 111 Ind. 410; *Rogers* v. *Voorhees,* 124 Ind. 469; *Goodwin* v. *Board, etc.,* 146 Ind. 164, and cases there cited. The contention that the original order of the board is a final adjudication upon the question of re-assessment is not tenable, as such question was in no wise at issue in the original proceedings.

Among the matters, under section 5094 R. S. 1881, section 6858 Burns 1894, section 5094 Horner 1897, which the viewers appointed are required to report to the board of commissioners is "an estimate of the expenses of said improvement." It is true that the estimated expense of the work is a matter which the law intends should be taken into consideration by the board in making its order for the improvement, for, if it were disclosed to that body in any particular case by reliable facts that the cost of the work would exceed the estimate of the viewers, it certainly, under the law, would not be right for the board to undertake the improvement of the road. However, if the board is satisfied that the legitimate expenses arising out of or necessarily connected with the work will not exceed the estimate, and proceed to order that the desired improvement of the highway be undertaken, and it subsequently should be ascertained that the board was mistaken by reason of some unforeseen causes which have resulted in increasing the cost of the work beyond the original estimate, under such circumstances it could not in reason be said that the question of additional assessment to meet a deficit had been previously determined

by the original order, and that, therefore, the right or power of the board to order a re-assessment to be levied no longer existed. *Board* v. *Fullen*, 111 Ind. 410.

In answer to the insistence of appellants that the court erred in rejecting the third paragraph of the remonstrance, it may be said that this is purely a proceeding, as it professes to be, to secure an additional assessment upon the lands in controversy for the purpose mentioned, and in no sense is it one for the recovery of money by the county, and the six-years statute of limitations interposed by appellants has no application. Neither can they, in order to defeat this proceeding, avail themselves of the alleged fact that the county, upon the order of the board of commissioners, had advanced the money to pay the deficit in dispute, and that the purpose of the assessment sought to be made was to reimburse the county for the money which it had paid. The county, under the circumstances, is entitled to be reimbursed for the amount, principal, and interest, which it has paid upon the expenses of the improvement. The statute is careful to protect the county against all loss or liability that it may incur upon the legitimate expenses rising out of the improvement, and the lands within the taxing district benefited thereby are, under the law, held liable to protect the county against loss. *Manor* v. *Board, etc.*, 137 Ind. 367; *Goodwin* v. *Board, etc.*, 146 Ind. 164; *Gavin* v. *Board, etc.*, 104 Ind. 201; *Little* v. *Board, etc.*, 7 Ind. App. 118. The court did not err in rejecting the first and third paragraphs of the remonstrance.

The next alleged error discussed by appellants is based upon the overruling of the motion for a new trial. Counsel in their brief, say, "This brings in review the facts found by the court." But the evidence, however, is not before us, and, in its absence, we must accept the finding of the court as correct. Many reasons which are assigned in the motion for a new trial have no legitimate place in such a motion, and therefore present no question for consideration. The other remaining reasons assigned in the motion depend upon the

evidence, and, in its absence from the record, we are precluded from reviewing them.

The court made a special finding of facts, and stated its several conclusions of law thereon.  Appellants did not except to these conclusions severally, but excepted jointly.  The rule is, under such circumstances, that all of the conclusions must be wrong in order to render such an exception available.  *Royse* v. *Bourne,* 149 Ind. 187, and cases there cited.  *Evansville, etc., R. Co.* v. *State,* 149 Ind. 276.  It cannot be successfully insisted in this case that all of the conclusions are wrong, and it must, therefore, follow that the exception to the conclusions does not serve to raise any question for our consideration.

Other errors assigned are not discussed by counsel for appellants in their brief, and therefore they must be deemed as waived.  There is no available error, and the judgment is affirmed.