ALLERTON ET AL. *v.* THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY.

[No. 18,696. Filed November 17, 1899.]

From the Huntington Circuit Court. *Affirmed.*

*B. M. Cobb,* for appellants.

*O. W. Whitelock* and *S. E. Cook,* for appellee.

JORDAN, C. J.—This action was instituted before the board of commissioners of the county of Huntington to assess certain lands bene-·fited by the construction of the Roanoke and Christian Gravel Road. This highway was ordered to be improved by said board in 1882 under the provisions of the act of 1877, (§§ 6855, 6856 Burns 1894, §§ 5091, 5092 R. S. 1881 and Horner 1897).

The original assessment made upon the lands benefited amounted to $11,000, and bonds, it appears, were issued and sold in order to secure money to defray the costs and expenses of the improvement. After collecting and applying the original assessment to the payment of these bonds, it appears that it proved to be insufficient to meet all of the costs and expenses incurred in the improvement of the road.

Appellants, in response to notices, appeared before the board and remonstrated against the levying of an additional assessment upon their lands. Such steps were taken in the action before the board of commissioners as resulted in the appointment of viewers and the assessment was made and confirmed by the board; and from this order an appeal was prosecuted by the appellants to the Huntington Circuit Court, wherein they filed an amended remonstrance denying the power of the board to reassess their lands to meet the expenses in question, and raising therein other questions for the determination of the court.

Each of the paragraphs of this remonstrance was on motion rejected. There was a special finding of facts and conclusions of law thereon adverse to appellants. Exceptions were reserved jointly to these several conclusions and, over a motion for a new trial, judgment was rendered. A motion to modify this judgment was also made, which the court overruled.

The same questions are involved in this case and are presented in like manner as were those in the appeal of *Kline* v. *Board, etc.*, 152 Ind. 321, and in the case of *Anglemyer* v. *Board, etc.*, *ante*, 217; and, upon the authority of those decisions, the judgment in the case at bar ought to be affirmed.   Judgment affirmed.